ALBANY PACKING Co., INC., Appellant, *v.* DOMINICK CRISPO and Another, Respondents.

Third Department, November 20, 1929.

*Duell, Dunn & Anderson* [*David A. Woodcock* and *William Thomas Jones* of counsel], for the appellant.

*John J. McManus*, for the respondents.

HILL, J. Plaintiff is a packer and wholesaler of meats, most of its sales being made in Albany and vicinity. Defendants conduct a retail meat market in that city.

Since December, 1924, plaintiff has used the words " First Prize " as a trade name for its merchandise. Early in 1925 defendants conducted a retail meat market in Albany and purchased goods bearing that brand from the plaintiff. Later in that year they removed to Nutley, N. J., and there, for the first time, used the words " First Prize " as a name for their market. They returned to Albany in September, 1926, and since have designated their business as " First Prize Meat Market." These words appear prominently on the awning in front of the store and upon their

delivery truck. This action is for an injunction to restrain their use of these words.

The trial court has found that between ninety and ninety-five per cent of plaintiff's sales are of the " First Prize " brand, and the words are stamped or printed on sixty per cent of the articles. Plaintiff sold nearly 15,000,000 pounds of meat products in 1925, nearly 26,500,000 in 1927 and about 18,500,000 in the first nine months of 1928. The selling price in 1925 was $3,500,000, and in 1927 over $5,500,000. During the four years commencing with 1925 plaintiff featured the words " First Prize " upon approximately 2,000,000 advertising posters and 7,000,000 tags, and in advertisements appearing in nearly 50,000,000 copies of newspapers. The name is printed prominently upon thirty-one trucks and thirty-five salesmen's cars used in its business.

The use by a party of fanciful or descriptive phrases or words under which goods are advertised or sold by another, or have become known in the trade, and which use is calculated to result in unfair competition, may be enjoined because such fanciful or descriptive phrases or words have acquired in the trade a secondary meaning as identifying the business or goods of the party first using them. (*Fishel & Sons, Inc.*, v. *Distinctive Jewelry Co., Inc.*, 196 App. Div. 779.)

One who has sold particular goods under a widely advertised brand or name, is entitled to the reputation they have acquired, and the public is entitled to the means of distinguishing between those and other goods. Protection of such use is given by the courts, whether there is a technical trade mark or not. The wrong consists in the sale of the goods of one vendor for those of another. (*Elgin National Watch Co.* v. *Illinois Watch Co.* 179 U. S. 665.) The use will be protected even though the second user acted innocently, if it tends to create confusion and enable him to obtain business because of the reputation and advertisements. (*Higgins Co.* v. *Higgins Soap Co.*, 144 N. Y. 462.) If injury to the plaintiff's business is threatened or imminent, though no person is shown to have been deceived, a court is authorized to intervene to prevent its probable occurrence. The originator of a brand or trade name is not required to wait until the wrongful use has been continued for such a time as to cause substantial pecuniary loss. (*T. A. Vulcan* v. *Myers*, 139 N. Y. 364; *Manufacturing Co.* v. *Trainer*, 101 U. S. 51.) In *Eastern Construction Co.* v. *Eastern Engineering Co.* (246 N. Y. 459) plaintiff was denied injunctive relief because, as the opinion stated (p. 465), " reasonable probability of loss of business by the plaintiff which constitutes the ground for the intervention of a court of equity is wanting."

Plaintiff has expended money for advertisements to create a demand for its merchandise under the name " First Prize." The trial justice found that " plaintiff's ' First Prize ' meat products have a high reputation in the Albany retail trade." The defendants do no advertising. They receive benefit from the plaintiff's advertising, and could sell products inferior to plaintiff's by the use of this name. This would detract from the effect of the advertisements, and offset the benefits which plaintiff would otherwise enjoy. " It is sufficient if injury to the plaintiff's business is threatened or imminent." (*T. A. Vulcan* v. *Myers, supra.*)

One hundred retail dealers in the city of Albany sell plaintiff's " First Prize " products. The use of the name by the defendants is unfair competition, because one of the items of overhead entering into the price paid plaintiff is the expense of advertising. It is common sense that one retailer will refuse to purchase plaintiff's products and pay for the name if others like the defendants may have the benefit without contribution.

Some distributors and wholesalers maintain and operate chain retail stores. A finding was made by the trial justice that " retail meat dealers object to retail selling by wholesale meat dealers and refuse to patronize wholesalers who thus compete with them." The dealers might readily believe, because of this infringement, that defendants are under the same management as plaintiff. Plaintiff is entitled to the relief sought.

The judgment should be reversed on the law and facts, and judgment directed in favor of the plaintiff for an injunction as demanded in the complaint, and for costs.

VAN KIRK, P. J., HINMAN, DAVIS and HASBROUCK, JJ., concur.

Judgment reversed on the law and facts, with costs, and judgment directed in favor of the plaintiff for an injunction as demanded in the complaint, with costs.

Findings of fact numbered 15, 16, 17, 18, 19, 20, 21, 22, 23 and 25 are reversed, and the court finds that the defendants' use of the name " First Prize Meat Market " tends to create the impression that plaintiff has gone into the business of retailing meat products; also makes loss imminent through diversion of the business of retailers patronizing plaintiff, and gives opportunity to defendants to sell inferior products which the consuming public would believe were those of plaintiff.