Nu Enamel Corporation and Others, Appellants, v. Nate Enamel Co., Inc., and Others, Respondents.*

First Department, January 25, 1935.

*Edwin J. Lukas* of counsel [*Sapinsley & Lukas*, attorneys], for the appellants.

*Murray C. Spett* of counsel [*Isidore Miller* with him on the brief; *Weisman, Quinn, Allan & Spett*, attorneys], for the respondents.

Per Curiam. The record on appeal herein leaves no doubt in our minds that the defendants have been guilty of most flagrant acts of unfair competition with the plaintiffs. The surreptitious manner in which the defendants obtained from plaintiff Nu Enamel Corporation inside information of the conduct of its business, under the guise of securing a franchise for the sale and distribution of said plaintiff's products in the State of California, including said plaintiff's folder of printed directions and information for the use of its product, clearly discloses the defendants' ulterior purposes. The defendant Nathan Schmuckler procured from the president of the plaintiff a copy of one of plaintiff's folders of directions and information. The defendants had this folder reproduced and copied in practically identical form and wording, except that the defendants' trade name, " Duo Enamel," was substituted for that of the plaintiff, and then distributed the folder to the public as their

* Revg. 151 Misc. 405.

own. The defendants did not engage in business in the State of California, but, upon learning that the plaintiff had not as yet opened stores here, although that was in contemplation, with the assistance of one of plaintiff's employees whom the defendants hired under cover of darkness, the defendants immediately opened stores here. Such acts signalized the intent of the defendants to illegally appropriate the plaintiff's business and adopt it as their own. Phonetically, the name which the defendants used in connection with the sale of their product was almost precisely like the trade name of the plaintiff. Plaintiff's registered name was " Nu Enamel." That adopted by the defendants as their trade name was " Duo Enamel." However, the name thus adopted by defendants was not the defendants' trade name as registered at the United States Patent Office at Washington. The defendants first applied for registry of the name " Duo Enamel " as their trade name, but registry was refused, and the defendants then applied and had registered as their trade name, " Alyear Duo Enamel." Notwithstanding the United States government's refusal to register defendants' trade name as " Duo Enamel," the defendants at once proceeded to adopt such trade name in direct competition with the trade name of the plaintiff. The whole conduct of the defendants furnishes convincing evidence that the defendants were seeking to appropriate the plaintiff's trade name and business, and that the public was undoubtedly deceived thereby. The opening of various stores by the defendants and the simulation in general outside appearance of such stores shows, beyond any question, that the defendants sought to imitate the stores which had been opened throughout the country by the plaintiff, many of which had been visited by the defendant Nathan Schmuckler prior to the opening of the defendants' stores.

The courts of this State and sister States have uniformly restrained acts of unfair competition much less flagrant than those of the defendants here. In the cases of *Phenix Cheese Co.* v. *Kirp* (176 App. Div. 735); *Cash, Inc.,* v. *Steinbook* (220 id. 569); *Kallus* v. *Bimblick Toy Mfg. Co., Inc.* (229 id. 313); *Volger* v. *Force* (63 id. 122); *T. A. Vulcan* v. *Myers* (46 N. Y. St. Repr. 962; affd., 139 N. Y. 364); *Dobbs & Co.* v. *Cobbs Haberdasher, Inc.* (226 App. Div. 372), and in many other decisions of this court in cases where acts of unfair competition on the part of the defendants were much less flagrant than those of the defendants herein, this court has restrained the continuance of the acts of unfair competition.

We hold that the plaintiffs are entitled to enjoin the defendants from the further use of the trade name " Duo Enamel " in connection with the defendants' business, from the adoption of plain-

tiff's slogans, and from the further acts of simulation on the part of the defendants, of which the plaintiffs complain.

The judgment appealed from should be reversed, with costs, and judgment entered as directed herein, with costs.

Present — MARTIN, P. J., MERRELL, McAVOY, GLENNON and UNTERMYER, JJ.

Judgment reversed, with costs, and judgment directed to be entered in accordance with opinion, with costs. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.