SAM KALNER, Doing Business under the Trade Name and Style of WELL MADE DOLL Co., Plaintiff, *v.* CHARLES SAMET and Others, Doing Business under the Firm Name and Style of SAMET'S NOVELTY Co., Defendants.*

Supreme Court, Special Term, New York County, October 26, 1937.

* Aff'd., 253 App. Div. 79.

*Morris Kirschstein*, for the plaintiff.

*Benjamin Koenig*, for the defendant Charles Samet.

LAUER, J. The plaintiff, conducting the business of a manufacturer of dolls under the name of the Well Made Doll Co., seeks an injunction from the defendants who are likewise manufacturers of dolls, doing business under the name of Samet's Novelty Co. From the papers it appears that the plaintiff put on the market a so-called " Drinking-Wetting Doll " under the designation of " Q-T Baby Doll," and packed this doll in a carton which had printed in blue color on all sides and on the top of the carton the figure of a doll in a seated position with the legend on the sides: " Drinks its Bottle Wets its Diaper." There was also in blue color a two-page leaflet attached to plaintiff's doll with certain descriptive printed matter appearing thereon.

The defendants have put out a doll of a somewhat larger size, clothed in precisely similar manner as the plaintiff's doll, and packed in a carton with the identical figure of the doll which is contained on the plaintiff's carton under the name of " Beauty Bottle Baby." The carton contains the same legend, " Drinks its Bottle Wets its Diaper " as is contained on the carton of the plaintiff. The style of the carton is similar to that of the plaintiff's except that the color scheme of the defendants' carton is red, whereas the color scheme of the plaintiff's carton is blue. The defendants' doll has attached to it a leaflet, blue in color, almost identical in wording and style to that of the leaflet that is attached to the plaintiff's doll.

The idea of the so-called " Drinking-Wetting " doll appears not to be a new one, such a doll having been on the market for several years, according to the papers submitted on this application. However, it appears that the defendants, in simulating the name of the doll (there being a similarity in sound between Q-T and Beauty), coupled with the very apparent imitation of the clothing of the doll and of the style of packing and the appearance of the carton and the tag or leaflet attached to the doll, are guilty of unfair business competition. (*Nu Enamel Corp.* v. *Nate Enamel Co., Inc.*, 243 App. Div. 292; affd., 268 N. Y. 574.)

The injunction prayed for should be granted. Settle order.