NEW YORK WORLD'S FAIR 1939 INCORPORATED, Respondent, v. WORLD'S FAIR NEWS, INC., and Others, Appellants.*

First Department, March 3, 1939.

* Affg. 163 Misc. 661.

*Arthur Block* of counsel [*Emil N. Baar* with him on the brief; *Baar, Bennett & Fullen,* attorneys], for the appellants.

*George deForest Lord* of counsel [*Woodson D. Scott* with him on the brief; *Lord, Day & Lord,* attorneys], for the respondent.

COHN, J. After a trial at Special Term a judgment was entered restraining defendants from using the words "World's Fair" or any colorable imitation thereof as part of the corporate defendant's name or in the name of the defendants' magazine. Upon the evidence presented the granting of such relief was proper.

We are in accord with the views expressed in the opinion written by the trial justice (163 Misc. 661) and believe it is unnecessary to add to what has been there stated with respect to the impropriety of the use by defendants of the words "World's Fair."

Within a short time after the judgment was entered defendants indicated their intention to substitute the name "Illustrated Fair News." This led to an application by plaintiff to amend the judgment to extend the injunctive relief so as to restrain the use by defendants of such substituted name and resulted in the order appealed from which granted this additional relief.

The attempt by defendants to use the name "Illustrated Fair News" for their publication was obviously designed for the purpose of enabling them to continue their exploitation for business purposes of the possibilities arising out of the World's Fair. As the plaintiff is publishing and distributing to the public without charge its own magazine in which it supplies information about the World's Fair to be held in New York in the year 1939, deception and confusion are quite likely to result from the use by defendants of the name "Illustrated Fair News." Here the probability of deceiving the public is greater because of the fact that defendants published and exploited for several months their magazine under the name of the "World's Fair News." Evidence of such deception and confusion is not essential to establish a basis for injunctive relief. (*Albany Packing Co., Inc.,* v. *Crispo,* 227 App. Div. 591; affd., 253 N. Y. 607.) "The determining factor is not that people have actually been deceived, but that there is a likelihood of that happening." (Nims, Unfair Competition and Trade-Marks [3d ed.], p. 865.)

Defendants' persistence in publishing the magazine under the name "World's Fair News" after a justice of the Supreme Court had declined to approve a name containing the words "World's Fair" for a membership corporation which was being organized

by the individual defendants; the publication by defendants thereafter of ten issues containing news articles, maps and photographs purporting to describe the World's Fair; the transmission of communications referring to the World's Fair and the solicitation of advertisements for their magazine, conveying to the uninformed the misleading impression that defendants' publication was in some way connected with the plaintiff's organization; and after the commencement of this action, the insignificant and ambiguous disclaimer of official connection with plaintiff contained in small print on the inside pages of defendants' publication, — are all evidence of utter lack of good faith on the part of defendants.

Where, as here, the appropriation and continued use of the name of another person or corporation are conceived in bad faith and with an intent to deceive the public, equity will afford complete and adequate relief against all forms of such attempted deception.

In *Nu Enamel Corp.* v. *Nate Enamel Co., Inc.* (243 App. Div. 292; affd., 268 N. Y. 574), what this court said (at p. 293) is apposite to the facts in this case: " The whole conduct of the defendants furnishes convincing evidence that the defendants were seeking to appropriate the plaintiff's trade name and business, and that the public was undoubtedly deceived thereby."

In *Tiffany & Co.* v. *Tiffany Productions, Inc.* (147 Misc. 679; affd., 237 App. Div. 801; 262 N. Y. 482), Mr. Justice DORE said (at p. 682): " In the light of the many indications to be found in the record that the defendant's selection and continued use of the plaintiff's name were deliberate and conceived in bad faith, its attempt at this time to purge itself by showing that it has recently discontinued the practice of using the diamond and the phrases above enumerated in connection with the use of the surname ' Tiffany ' is entitled to little consideration."

After defendants' attempt to capitalize upon the use of plaintiff's name, the Legislature enacted a statute effective May 25, 1937, which expressly prohibited the use of plaintiff's name or any imitation thereof in a manner calculated to deceive the public. (Laws of 1937, chap. 593, § 3.) This legislative policy of the State was adopted before the entry of the judgment and order appealed from. In the circumstances here disclosed, this policy should be accorded full consideration. The statute reads, in part, as follows:

" § 3. Any person, firm, co-partnership, association, society or corporation, except as authorized by New York World's Fair 1939 Incorporated, who shall with intent to acquire or obtain for personal or business purposes a benefit or advantage assume, adopt or use the name of such corporation or a name so nearly resembling it as to be calculated to deceive the public with respect to such corpora-

tion, or who, except as authorized by such corporation, shall with intent to acquire or obtain for personal or business purposes a benefit or advantage assume, adopt or use in any manner any emblem, insignia or badge, description, design or designating mark or descriptive word or phrase used by New York World's Fair 1939 Incorporated in carrying out its purposes calculated to deceive the public with respect to such corporation shall be guilty of a misdemeanor."

For all of the foregoing reasons, we think that the judgment and the subsequent order extending its provisions were in all respects proper.

The judgment and order should be affirmed, with costs to respondent.

MARTIN, P. J., TOWNLEY and GLENNON, JJ., concur; UNTERMYER, J., dissents in part in opinion.

UNTERMYER, J. (dissenting in part). The defendants had the clear right to exploit the possibilities arising out of the World's Fair in New York by the publication of a magazine devoted principally to that subject. They had the right accurately to describe the contents of that magazine subject to the duty to refrain from conduct resulting in deception or confusion of the public. The title " World's Fair News " might perhaps suggest that the magazine was plaintiff's official publication. But certainly this cannot be said of the title " Illustrated Fair News," especially if it is followed, as the defendants consented on the argument of the appeal, with a statement on the cover of the magazine that it has no connection with the plaintiff corporation.

The judgment and order should be modified by allowing the use of the title " Illustrated Fair News " on condition that the defendants shall place a statement on the cover of the magazine sufficiently indicating that it has no connection with the plaintiff corporation.

Judgment and order affirmed, with costs.