Edward G. Baker, J.
In this proceeding, instituted pursuant to section 964 of the Penal Law, petitioner seeks an order to restrain respondents from the use of the name “ Lundy’s ”.
The pertinent section (Penal Law, § 964) provides for a summary injunction proceeding in which a determination may be reached on affidavits alone. The statute makes it a misdemeanor for a person, firm or corporation to use a name for advertising, trade or other purposes, with intent to deceive or mislead the public, and which may deceive or mislead the public as to the identity of the person, firm or corporation using it.
The facts relevant and material on this motion are recited in this court’s decision on plaintiff’s motion for a temporary injunction published simultaneously herewith.
Respondents in their opposing affidavits submitted on this application assert that their actions and conduct were not intended to deceive the public and contend no one was, or will be, deceived. Respondents’ explanation as to how the name “ Lundy ” came to be employed by them tends to support their position and to negate an intention to practice a deception on the local community. In a proceeding as here, it is requisite that there be a conclusive showing that respondents intended to deceive and mislead the public by use of the name (Association of Contracting Plumbers v. Contracting Plumbers Assn., 302 N. Y. 495).
The presence of substantial issues of fact upon the questions of deception and intent to deceive, and the absence of proof that there is any present competition between petitioner and respondents, whose business locations are concededly approximately 50 miles apart, preclude the summary granting of the relief here sought (Hylan Homes v. Hylan Terrace, 11 A D 2d 1047).
Accordingly petitioner’s application is denied.