## (February 13, 1968)

■ BERLITZ PUBLICATIONS, INC., et al., Appellants, v. CHARLES F. BERLITZ et al., Defendants-Respondents and Third-Party Plaintiffs, et al., Third-Party Defendants.— Order entered November 21, 1967 denying plaintiffs' motion for a temporary injunction, modified, in the exercise of discretion, to provide that the denial of the said motion be without prejudice to a renewal thereof in the event that the defendant shall fail to consent to an immediate trial of this action upon 10 days' notice by the plaintiffs of their readiness to go to trial, and, as so modified, affirmed with $30 costs and disbursements to the defendants-respondents. The grant of a temporary injunction depends upon a clear showing that the party enjoined has trespassed, or threatened to trespass on the rights of the party seeking such injunctive relief. No such showing has been made here. Therefore, the denial of the motion for a temporary injunction was proper in the circumstances. The claim — with evidentiary support — by the defendant Berlitz that it was the plaintiffs rather than he who breached the employment contract makes reliance upon the restrictive covenant in that contract too weak a prop to support a temporary injunction. At best it merely raises an issue to be tried. Moreover, whether the restrictive covenant is not too broad in time or area to be enforced in law is another question that has not been clearly established and needs the test of trial for the development of the facts. Likewise, while there has been a showing of the acquisition by the plaintiffs of a secondary meaning to the name "Berlitz" in certain areas, there has been no clear showing of infringement — actual or threatened — of the plaintiffs' rights in those areas, sufficient to justify a temporary injunction. The defendant has the right to use the name "Berlitz" although such right is not an unrestricted one. Whether he uses it improperly depends upon where and how. It is not clear that he may not use it in the travel business, nor has it been shown that he has used it or threatened to use it in the proposal to make car language tapes. These are the only two incidents pointed to by the plaintiffs in their attempt to show a violation of their "secondary meaning" rights. The rest is present fear, unsupported by present facts. Perhaps they can do better at a trial. Special Term acted properly in not stamping the defendant as a wrongdoer at this juncture of the case for the granting of a temporary injunction connotes present or threatened wrongdoing. The plaintiffs can get all the relief they can show they are entitled to get through a quick trial. Our modification of Special Term's order makes provision therefor. Concur — Stevens, J. P., Tilzer and Rabin, JJ.; Eager and Steuer, JJ., dissent in the following memorandum by Steuer, J.: We believe that plaintiffs are clearly entitled to an injunction *pendente lite* on the undisputed facts appearing in the record. The scope of the injunction so indicated is less than that applied for but it is indisputable that this is not a ground for denying any relief whatsoever. Unfortunately, extraneous propositions have so cluttered the record that plaintiffs' basic rights in this regard have been lost sight of. To avoid

compounding this error, we shall omit any discussion of them except one which upon the argument assumed a controlling influence. Upon issues not germane to plaintiffs' injunctive right plaintiffs are engaged in a very extensive examination before trial of defendant. If this examination is continued to the extent that plaintiffs appear to deem desirable or necessary, the inevitable result will be that the trial of the action will be indefinitely postponed. While such a situation is a factor for consideration where ultimate injunction appears less than inevitable, it is no factor at all where the facts upon which relief is predicated must result in some restraint. The position of the plaintiffs in their particular fields — teaching of languages and publication of texts and other media related thereto — is so outstanding that no substantiating evidence is called for. In fact, defendant concedes that the name "Berlitz" has acquired a secondary meaning in those fields. Defendant is also named Berlitz and was formerly associated with plaintiffs. He intends to teach languages as a commercial venture, to write on that subject and have his writings published, and also to prepare other teaching material such as tape recordings and phonograph records to be used in teaching. And he intends to conduct all of these activities under his own name, Berlitz. It is not subject to serious dispute that, where a distinctive name has acquired a secondary meaning in a particular field, the use of that name is enjoinable unfair competition (see, e.g., *New York World's Fair 1939* v. *World's Fair News,* 163 Misc. 661 [Shientag, J.], affd. 256 App. Div. 373). And it is immaterial that the name happens to be the legal name of the person seeking to enter the field (*David B. Findlay, Inc.* v. *Findlay,* 18 N Y 2d 12). Plaintiffs' position in the field and its priority in point of time are undisputed. And there are no facts which dilute the right claimed to this extent. While plaintiffs' rights to relief beyond that indicated above appear to have solid foundation, they do not enjoy the same clarity as the foregoing. Among these is defendant's right to conduct a travel bureau under the name Berlitz. A travel bureau might very well be regarded as so closely connected with the field of foreign languages that public association of the two could well be established, and the value of plaintiffs' name would be diluted or possibly jeopardized by the manner in which defendant conducted this proposed enterprise, so as to result in injunctive prohibition. However, in advance of trial, the consequences are not so clearly defined and where the trial appears to be appreciably delayed the balance of equities would militate against a preliminary injunction. The order should be modified to restrain defendant, pending trial, from using the name Berlitz in connection with the teaching of languages and the publication of texts or other material used in the teaching of languages.