ARCO FUEL OIL CO., Inc., Plaintiff-Appellant,

v.

ATLANTIC RICHFIELD COMPANY, Defendant-Appellee.

No. 685, Docket 34424.

United States Court of Appeals, Second Circuit.

Argued April 21, 1970.

Decided May 8, 1970.

we are not prepared to state that in an appropriate situation specific findings could not be required.

**518**

John A. Reilly, New York City (Kenyon & Kenyon, Reilly, Carr & Chapin, New York City, and Edward J. Handler, III, Stuart J. Sinder, New York City, of counsel), for plaintiff-appellant.

Mercer L. Stockell, New York City (Rogers, Hoge & Hills, Sidney P. Howell, Jr., E. Carrington Boggan, Frederick A. Nicoll, New York City, and Robert J. Mawhinney, and Robert R. Cochran, Philadelphia, Pa., of counsel), for defendant-appellee.

Before MOORE, FRIENDLY and SMITH, Circuit Judges.

## PER CURIAM:

Arco Fuel Oil Co., Inc., the recent successor to a company of the same name incorporated in New York in 1934, brought this action in the District Court for the Southern District of New York to prevent Atlantic Richfield Company from using the name ARCO. Arco Fuel's predecessor had been owned apparently from its inception by the Ottaviano family and was engaged in the sale and delivery of fuel oil to homeowners in the New York metropolitan area. It used the name ARCO on its trucks, letterheads and promotional material as plaintiff now does. As a result of mergers first with Richfield Oil Corporation and then with Sinclair Oil Corporation, defendant Atlantic Richfield Company is the successor to the Atlantic Refining Co., which for many years has been a major producer and distributor of petroleum products on the east coast.

In the fall of 1969 the Ottavianos discovered that defendant was using the name ARCO to describe itself in nationwide advertising and on its credit cards, was marketing lubricating oil under the mark ARCO, and had affixed the name to certain service stations where its products were sold. None of the service stations were in the New York metropolitan area, where defendant has never had retail outlets; the nearest were in Middletown, N. Y. However, defendant does maintain corporate offices in New York City. After certain conversations with Atlantic Richfield, the Ottavianos sold the assets of the original Arco Fuel Oil Co., Inc. to a new company of the same name, which is the plaintiff here, organized and owned by Patchogue Oil Terminal Corp. The sale included the corporate name and the trade and service mark, ARCO. However, the new corporation irrevocably appointed John Ottaviano its exclusive agent for 10 years to negotiate agreements with a third party for the sale or license of the names, and to institute and conduct any litigation with respect thereto at his own expense; he was to receive 90% of any consideration or recovery, avowedly as compensation for his services.

Atlantic Richfield responded to a motion for a temporary injunction with affidavits concerning its use of ARCO prior to and during the operation of Arco Fuel Co. It showed also that compliance with a temporary injunction that would forbid its program of national advertising and its credit cards from reaching the New York metropolitan area either would be impracticable or in any event would require vast expense in altering plans developed, at least in part, prior to the Ottavianos' protests. Exercising the discretion vested in him, Judge Murphy denied the injunction.[1]

In elaborate briefs plaintiff contends that the court's action flies in the face of such familiar decisions protecting a prior local user as the Supreme Court's in Hanover Star Milling Co. v.

1. The judge declined to consider an amended complaint adding Ottaviano Enterprises, Inc. (the old Arco Fuel Oil Co., Inc.) and John Ottaviano as plaintiffs, which had been filed while the motion for a temporary injunction was *sub judice*. Although nothing turns on this, we consider only the original complaint to be before us.

Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L. Ed. 713 (1916); United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141 (1918); our own in Cohn-Goldwater Mfg. Co. v. Wilk Shirt Corp., 147 F.2d 767 (1945) and Gold Master Corp. v. Miller, 380 F.2d 128 (1967); and many others. But the question before us is simply whether the judge abused his discretion in denying a temporary injunction. Far from conceding plaintiff's priority, defendant, whose old and new names both have the acronym ARCO, claimed that it had made use of that name long before Arco Fuel Co.[2] began operating under it; had registered the mark with the Patent Office in 1963 for lubricating oils and in 1967 for gasoline and lubricating oils; and had registered a number of other marks having ARCO as a component. The short time available between service of plaintiff's motion and the hearing was insufficient for full development of what had occurred many years ago, and it would have been premature for the judge to consider the difficult legal issues in depth until all the facts had been ascertained.

What did emerge clearly was the lack of irreparable damage from denial of an injunction *pendente lite*. Plaintiff has cited instances of confusion both before and since the denial: defendant's switchboard operator thought John Ottaviano worked for defendant when he called; and some of defendant's credit card holders have reported lost cards to plaintiff. But the former caused no damage and the time spent in dealing with the latter is easily computable. While plaintiff asserts that in the absence of an injunction its identity is rapidly being destroyed by defendant's massive advertising and expanded use of ARCO on its service stations and products, plaintiff apparently has not resorted to the simple expedient of a letter advising its customers that it is not connected with defendant. We do not suggest that plaintiff must suffer even

these inconveniences forever if its legal position should ultimately be sustained. We say only that, with the balance of convenience as it was, the judge was warranted in refusing interlocutory relief.

The order denying a temporary injunction is affirmed, with instructions that if plaintiff so requests, the action be set for early trial.

---

2. The reasons why the owners adopted the name Arco are unexplained. Cf.

Polaroid Corp. v. Polarad Electronics Corp., 287 F.2d 492, 494 (2 Cir. 1961).