**VARSITY HOUSE, INC., Plaintiff,**

v.

**VARSITY HOUSE, INC., Defendant.**

**No. 73-C-1457.**

United States District Court,
E. D. New York.

Jan. 17, 1974.

Bruce S. Reznick, Brooklyn, N. Y., for plaintiff.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City by A. Rene Hollyer, New York City, of counsel, for defendant.

JUDD, District Judge.

## MEMORANDUM AND ORDER

In this action removed from the state court on the ground of diversity, plaintiff seeks a preliminary injunction against defendant's use in New York of the identical name.

The case presents the problem of equitable adjustment between two corporations which have developed along parallel lines until a point of conflict.

### Facts

The pleadings and affidavits establish the facts, essentially without dispute except as noted.

Plaintiff began business as a sole proprietorship in 1956, was incorporated in New York in 1959, and has developed a business of about $450,000 per year. It sells printed tee-shirts and sweatshirts to department stores, boutiques, and small shops, mainly in Brooklyn and Queens, but to a substantial degree in other parts of the metropolitan area and the United States. Its plant and offices are in Brooklyn. Plaintiff has no trademark for the name Variety House except for school jewelry and ornaments.

Defendant began business in Ohio in 1962 and adopted its present name in 1963. It has developed annual sales of more than $12,000,000, also in printed tee-shirts and sweatshirts. Most of defendant's business, however, is with national chain stores, and eighty-five per cent relates to names licensed by national sport associations, Disney Productions and similar organizations. Defendant placed a sales representative in Manhattan in 1965. The corporation opened a sales office there in 1967, which now has four employees and accounts for about forty per cent of defendant's business. The location in Manhattan is essential to defendant because purchasing agents of its major customers are in Manhattan. Defendant's New York telephone listing is only in the Manhattan telephone book. Plaintiff is listed solely in the Brooklyn telephone book.

Although plaintiff asserts that there has been confusion among customers, the only reported incident of confusion is the misdirection of one bill from a supplier of the defendant to the plaintiff.

Defendant is not licensed to do business in New York. It relies on the interstate character of its operations to avoid the requirement of licensing. For that purpose, it requires that all orders be confirmed from Ohio and all collections made from Ohio.

Defendant asserts that plaintiff has known of its New York operations since November 1967, when an attorney purporting to represent the plaintiff wrote to defendant at both its Ohio and New York offices, complaining of trademark infringements. Although the plaintiff denies the existence of such a letter, the court will assume for purposes of this motion that the letter was sent and that plaintiff knew of defendant's presence. It also follows that defendant knew by

1968 that it was using the same name as that of a New York corporation.

Defendant's answer relies on the statute of limitations as a defense, without specifying what provision it deems applicable.

There is no showing of urgency to support a request for relief before the facts are more fully explored.

### Discussion

Having the benefit of New York incorporation, plaintiff may rely on General Business Law, § 133, McKinney's Consol.Laws, c. 20, which provides:

No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes or for the purposes of trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof, . . . which may deceive or mislead the public as to the identity of such person, firm or corporation or as to the connection of such person, firm or corporation with any other person, firm or corporation . . . Whenever there shall be an actual or threatened violation of this section, an application may be made to a court or a justice having jurisdiction to issue an injunction, upon notice to the defendant of not less than five days, to enjoin and restrain such actual or threatened violation; . . . without requiring proof that any person has in fact been deceived or mislead thereby.

■ The delay in bringing action may be considered, however, as a factor bearing on the extent of irreparable damage and the urgency of relief.

Several propositions of law are clear.

■ 1. The court may enjoin the use of a misleading name without proof of intent to deceive or the existence of actual confusion. New York World's Fair 1939 v. World's Fair News, 163 Misc. 661, 297 N.Y.S. 923 (Sup.Ct.N.Y. Co. 1937), aff'd, 256 App.Div. 373, 10 N.Y.S.2d 56 (1st Dept. 1939), leave to appeal denied, 280 N.Y. 813, 21 N.E.2d 697 (1939); Columbia Broadcasting System v. Columbia of New York, 97 N.Y.S.2d 455 (Sup.Ct.N.Y.Co. 1950), aff'd, 277 App.Div. 856, 98 N.Y.S.2d 384 (1st Dept. 1950); Triangle Publications, Inc. v. Rohrlich, 167 F.2d 969 (2d Cir. 1948).

■ 2. The interstate commerce aspect of defendant's operation does not prevent the enforcement against it of non-discriminatory state laws. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Ware, 414 U.S. 117, 94 S.Ct. 383, 396, 38 L.Ed.2d 348 (1973).

It is immaterial therefore whether the defendant was doing business for other purposes, in deciding the conditions under which it may use the name Varsity House or any variant in New York. Nor is the issue here the same as the issue in cases involving the right of a foreign corporation to sue in the courts of this state. *Cf.* Stafford-Higgins Industries, Inc. v. Gaytone Fabrics, Inc., 300 F.Supp. 65 (S.D.N.Y.1969).

■ 3. Laches is not a bar to an equity action in the absence of proof of equitable estoppel, reliance and damages. Pavia v. Medcalfe, 45 Misc.2d 597, 257 N.Y.S.2d 447 (Sup.Ct. Rockland Co. 1965), aff'd, 26 A.D.2d 621, 272 N.Y.S. 2d 716 (2d Dept. 1966).

■ 4. A preliminary injunction requires proof of irreparable hardship, the necessary degree of hardship depending upon the probability of success and the relative burdens on the party to be enjoined and the party seeking the injunction. Here plaintiff has a good prospect of some success, but little hardship from awaiting a full trial to help fashion its relief. *Cf.* Arco Fuel Oil Co. v. Atlantic Richfield Co., 427 F.2d 517 (2d Cir. 1970); Gulf & Western Industries, Inc. v. Great Atlantic & Pacific Tea Co., 476 F.2d 687 (2d Cir. 1973).

### The Issues to be Resolved

Much of the argument of the parties is not relevant to the real dispute. This is not a case of a small man trading on the name of a famous organization, like the *New York World's Fair* case cited above, or Maison Prunier v. Prunier's Restaurant & Cafe, Inc., 159 Misc. 551, 288 N.Y.S. 529 (Sup.Ct.N.Y.Co. 1936). Nor are the businesses of the two parties so unrelated that the risk of confusion is minimal, as was the case in Lundy v. Sposato, 37 Misc.2d 399, 235 N.Y. S.2d 903 (Sup.Ct. Kings Co. 1962). Defendant should be prepared to take some steps to avoid violating New York law.

There is considerable law on the methods of adjusting the respective rights where two parties have both exploited the same name independently. Food Fair, Inc. v. Square Deal Stores, Inc., 93 U.S.App.D.C. 7, 206 F.2d 482 (1953); Katz Drug Co. v. Katz, 188 F.2d 696 (8th Cir. 1951); Safeway Stores, Inc. v. Safeway Properties, Inc., 307 F.2d 495 (2d Cir. 1962); R. H. Macy & Co., Inc. v. Colorado Clothing Mfg. Co., 68 F.2d 690 (10th Cir. 1934). Neither party has given any substantial attention to this problem.

A relatively small amount of additional evidence should suffice to resolve the issues. Plaintiff should have an opportunity to show any instance of actual confusion, not as a condition of relief but as a factor in determining the nature of relief. Plaintiff should have the opportunity to examine defendant's copies of the 1967–68 correspondence between Mr. Panzirer and the defendant; and plaintiff, Mr. Panzirer, and defendant may all be subject to depositions concerning the facts of that correspondence. Although no evidence of damage has yet been produced, plaintiffs should have an opportunity to particularize that matter, if there is need for anything more than equitable relief. Information may also be useful respecting the name changes which the New York Secretary of State would require before permitting defendant to be licensed to do business in New York.

Before the case proceeds further, plaintiff and defendant should endeavor to agree on a method of preventing confusion in the future, perhaps by defendant agreeing to organize a subsidiary with a different name to conduct its New York operations, or by specifying a form of differentiation to be included in its stationery and advertising, providing a form of notice to be sent to defendant's customers.

Since this will be a non-jury trial, it would be desirable to have settlement conferences conducted before a different judge of this court.

It is ordered (1) that the motion for a preliminary injunction be denied; and (2) that counsel appear before Senior Judge Leo F. Rayfiel of this court in his chambers at 10:00 A.M. on January 24, 1974 to discuss any problems concerning discovery and to explore the possibility of agreement on a form of consent decree in order to avoid the necessity of a trial.