**GENERAL FOODS CORPORATION and General Foods, Inc., Plaintiffs,**

v.

**GENERAL FOODS, INC., Defendant.**

**Civ. No. 79/54.**

District Court, Virgin Islands,
D. St. Croix.

June 22, 1979.

Joseph L. Costello, Christiansted, St. Croix, V. I., for plaintiffs.

Edward J. Ocean, Christiansted, St. Croix, V. I., for defendant.

## MEMORANDUM OPINION WITH ORDER

WARREN H. YOUNG, District Judge.

GENERAL FOODS sued GENERAL FOODS! But the plaintiffs, General Foods, are General Foods Corporation, a Delaware corporation (herein, "General Foods Corp.") and General Foods, Inc., a Puerto Rican corporation (herein, "General Foods, Inc. (P.R.)") and the defendant is General Foods, Inc., a Virgin Islands corporation (herein sometimes referred to as "defendant" or as "General Foods, Inc. (V.I.)"). This action is one grounded upon alleged trademark infringement and unfair competition. Plaintiffs seek an injunction against defendant's use of the name GENERAL FOODS in defendant's business on St. Croix. There is also a prayer for accounting and damages. Although in commencing this action plaintiffs moved for a temporary restraining order and a preliminary injunction, now that defendant has answered, plaintiffs have gone a step further and are now asking for judgment on the pleadings under Fed.R.Civ.P. 12(c).

The Court received some testimony and has heard argument of counsel. The Court also has reviewed the memoranda filed by both sides. For the reasons set forth below, including the consideration of matters outside the pleadings, plaintiffs will be afforded summary judgment pursuant to Fed.R. Civ.P. 56.

### I.

General Foods Corp. produces and distributes food products. General Foods, Inc. (P.R.), a wholly owned subsidiary of General Foods Corp., distributes General Foods products in Puerto Rico and in the Virgin Islands. Defendant, a former and present customer of General Foods, Inc. (P.R.) opened and began operating in February, 1979, a retail and wholesale food business on St. Croix under the name "General Foods, Inc." A month later plaintiffs brought this action for injunction and other relief.

For over thirty years, well known products distributed and/or produced by General Foods Corp. have been sold in the Virgin Islands. Since 1972, General Foods, Inc. (P.R.), as the sales representative of General Foods Corp., has sold and distributed in the United States Virgin Islands more than five million dollars of General Foods Corp. products line. Additionally, General Foods products have been extensively presented and advertised in the Virgin Islands in magazines, news media, radio and television. Each package of products produced and/or distributed by General Foods Corp. bears the trade name "General Foods" together with the General Foods seal containing the words general Foods and the "GF" logo. This distinctive use of the General Foods trade name, trademark and logo has resulted in a most valuable and recognized reputation for high quality products in the Virgin Islands.

A sign displaying the name "General Foods" in solid black lettering over a white background appears over defendant's store in St. Croix. Beneath the trade name are the words "Wholesale and Retail." Defendant's use of solid black lettering for the name "General Foods" resembles the lettering employed by plaintiff, General Foods Corp., on the products it produces and/or distributes. Among the products sold by defendant are some of the products produced and/or distributed by plaintiffs. Plaintiffs sell their product line in the Virgin

Islands through retail outlet stores like defendant's. This use by defendant of plaintiff's trade name and trademark together with defendant's sale of some of the General Foods' product line can have no effect other than to confuse the public and other merchants. The likelihood of confusion is further increased by defendant's recent use, in its advertising and business cards, of a "GF" logo in a diamond block with the letter "G" merged into the letter "F". From these actions of defendant in (1) choosing the name "General Foods" for its store, (2) in continuing to use that name even after being notified by General Foods Corp. of its registration of that name and trademark and (3) in using a "GF" logo, the reasonable inference can be drawn that defendant willfully intended to confuse the public and the trade as to defendant's affiliation.

## II.

In this action for injunctive relief, plaintiffs charged defendant with: trademark infringement; unfair competition; use in interstate commerce of false designations of origin and representation of its business and services; injury to plaintiffs' business reputation and dilution of plaintiffs' name and mark.

■ This Court has original jurisdiction of actions arising under federal trademark law,[1] and of actions for unfair competition wherein such actions are joined with substantial and related claims under trademark law.[2]

■ Judgment on the pleadings is an appropriate remedy where material facts are undisputed and where a judgment on the merits may be possible merely by considering the contents of the pleadings. 5 Wright and Miller, *Federal Practice and Procedure: Civil* § 1367 (1969). A motion for judgment on the pleadings may be treated as a motion for summary judgment pursuant to Fed.R.Civ.P. 56 if matters outside the pleadings are considered.[3] Since matters outside the pleadings had been presented, summary judgment is appropriate in this case since I find that no genuine issues of material fact exist.

■ Each of defendant's affirmative defenses are factually and/or legally insufficient. Defendant's first assertion is that in being incorporated in the Virgin Islands its name was cleared by the Lieutenant Governor's office. The fact that defendant did not begin using the name "General Foods" until licensed by local law to do so in a corporate name is irrelevant to the questions of trademark infringement and unfair competition. *Christian Dior, S. A. R. L. v. Miss Dior*, 173 U.S.P.Q. 416, 418 (E.D.N.Y. 1972).

■ Defendant's second assertion is that plaintiff, General Foods, Inc. (P.R.), abandoned the use of the name General Foods Inc. in the Virgin Islands. However, a corporate name which includes the words: "Inc.", "Corp.", or "Ltd.", is not registered as such in the Patent and Trademark Office. The trade corporation, such as "General Foods", (also used as a trademark) is registrable. 1 McCarthy, *Trademarks and Unfair Competition* § 9:6 (1973).

---

1. 28 U.S.C. § 1338(a), which provides in pertinent part: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."

2. 28 U.S.C. § 1338(b), which provides that "[t]he district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trade-mark laws." This statutory pendant jurisdiction, however, is not necessary in the Virgin Islands in view of the fact that the District Court of the Virgin Islands has territorial as well as federal jurisdiction.

3. Fed.R.Civ.P. 12(c) provides in pertinent part: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."

■ Defendant's third assertion is that plaintiffs are not registered as foreign corporations to do business in the Virgin Islands. However, plaintiffs need not register in the Virgin Islands. It is my finding on the evidence submitted to me that plaintiffs come within the exceptions to the requirement of qualifying foreign corporations in the Virgin Islands.[4] Nor is registration in the Virgin Islands a prerequisite for maintaining suit in federal court.[5]

■ Defendant's fourth assertion is that it had no notice of plaintiffs' trade name and trademark until after defendant became incorporated with the use of that name. However, every trademark registered on the Principal Register is constructive notice of the registrant's rights. 15 U.S.C. § 1072.[6] So this contention is utterly without merit.

■ Finally, defendant asserts that there is no confusion by defendant's use of the name "General Foods" and that defendant did not intend to cause any confusion. However, the test for trademark infringement is not *actual* confusion but rather *the likelihood of confusion*. Case law is clear that if a business establishment uses for its name the same name of a line of products which is sold in that establishment, then such use of the name is likely to cause confusion. *Albany Packing Co. v. Crispo,* 227 App.Div. 591, 237 N.Y.S. 614 (3d Dept. 1929), *aff'd.,* 253 N.Y. 607, 171 N.E. 803 (1930). Although defendant claims that it did not intend to cause confusion, such intent may be reasonably inferred since the likelihood of confusion would necessarily follow from its actions.

■ The essence of each of plaintiffs' claims for relief as explained below, is likelihood of confusion. Hence, plaintiffs are entitled to judgment absent viable defenses.

Plaintiff's first claim for relief rests upon the Lanham Trademark Act. 15 U.S.C. § 1051 *et seq.* The Lanham Trademark Act, affords protection for registered marks against another's use in interstate commerce if such use is likely to cause confusion. 3 Callman, *Unfair Competition Trademark and Monopolies* § 84 (3d ed.) (hereinafter Callman). The trademark General Foods and the General Foods seal were registered to plaintiff, General Foods Corp., under registration numbers 790, 185 and 1,022, 792 and 1,032,449, issued respectively on June 15, 1965, October 14, 1975 and February 3, 1976. Although defendant's use of the name General Foods and adoption of the GF logo has occurred in intrastate commerce, such usage has a substantial effect on plaintiffs' interstate use of their registered mark. Hence, the requisite use in interstate commerce exists. *Maier Brewing Co. v. Fleischmann Distilling Corp.,* 390 F.2d 117, 120 (9th Cir. 1968). I have found defendant's use of the name "General Foods" and adoption of a GF logo likely to cause confusion. Hence, plaintiffs have stated a cause of action pursuant to the Lanham Trademark Act.

Plaintiffs next seek relief for unfair competition to-wit: infringement of their common law rights to the trade name and

4. General Corporation Law, Chapter 1, 13 V.I.C. § 403(2). Section 403 provides as follows:

   No corporation created by the laws of any foreign country or any State of the United States, or the laws of the United States shall be deemed to be doing business in the Virgin Islands, nor shall the corporation be required to comply with the provisions of Section 401 and 402 of this title under the following conditions, or any of them, namely if—

   (2) it employs salesmen, either resident or traveling, to solicit orders in the Virgin Islands either by display of samples or otherwise (whether or not maintaining sales offices in the Virgin Islands), all orders being subject to approval at the offices of the corporation without the Virgin Islands, and all goods applicable to the orders being shipped in pursuance thereof from without the Virgin Islands to the vendee or to the seller or his agent for delivery to the vendee, and if any samples kept within the Virgin Islands are for display or advertising purposes only, and no sales, repairs or replacements are made from stock on hand in the Virgin Islands.

5. See *supra* n. 2 and 3 and accompanying text.

6. 15 U.S.C. § 1072 in pertinent part provides: "Registration of a mark on the principal register . . . shall be constructive notice of the registrant's claim of ownership thereof."

trademark General Foods and for defendant's passing off its business and services as those of plaintiffs. Since it is highly likely that the public and members of the trade will associate defendant's establishment with plaintiffs' products, plaintiffs' common law rights have been infringed. 1 Callman § 4.1.

Federal law prohibits the use in interstate commerce of false designation of origin and false description and representation of goods and services. 15 U.S.C. § 1125.[7] Since I have found that the public and members of the trade are likely to be confused by defendant's use of the name "General Foods", plaintiffs are entitled to relief pursuant to § 1125. *Societe Comptoir De L'Industrie Cotonniere Establissements Boussac v. Alexander's Dept. Stores, Inc.,* 299 F.2d 33 (2d Cir. 1962).

■■■ Plaintiffs also allege violation of their common law rights in that defendant has injured plaintiffs' business reputation and diluted plaintiffs' name and marks. This cause of action is part of the theory of unfair competition. It is not necessary hereunder for parties to be in actual competition. It suffices if confusion is likely to follow from defendant's use of a similar mark. 3 Callman § 67.1.

Finally, plaintiffs allege infringement of their name and mark pursuant to 14 V.I.C. § 2172.[8] Since I found that defendant intended to confuse the public and the trade, plaintiffs' complaint does state a cause of action pursuant to local law.

Injunctive relief demanded by plaintiffs is appropriate in view of the irreparable injury that would befall plaintiff if such relief were not granted. Moreover, plaintiffs have agreed to withdraw their demand

for profits made by defendant resulting from its wrongful act and for treble damages if judgment on the pleadings is granted.

My granting of judgment for plaintiffs on the pleadings is a short circuiting of this litigation, but it will save both parties additional costs and delays of a trial. Enough has been presented to me at this early stage to recognize that plaintiffs' case against defendant is a very strong case. If plaintiffs are willing, as they have so indicated, to drop their prayer for damages and profit loss provided judgment on the pleadings is granted and no appeal is taken therefrom, that too is a generous concession and is an incentive to defendant to end this litigation on an amicable basis.

### ORDER

In accordance with the reasons set forth in the Memorandum Opinion of even date herewith, it is ORDERED:

(1) that plaintiffs' motion for summary judgment be and the same is hereby GRANTED;

(2) that defendant be and hereby is enjoined from all activities as more fully detailed in the Injunctive Decree of even date herewith;

(3) that defendant shall pay to plaintiff as reimbursement for plaintiffs' costs and attorneys fees the sum of $7.00 in Court costs and $15,000 in attorneys' fees; and

(4) that the Judgment and this Injunctive Decree herein shall not be deemed final from which either party may appeal for the reason that plaintiff has waived its prayer for damages and lost profits conditioned on

---

7. 15 U.S.C. § 1125 in pertinent part provides: Any person who shall affix, apply, or annex, or use in connection with any goods or services, . . . a false designation of origin, or any false description or representation . . . and shall cause such goods or services to enter into commerce . . . shall be liable to a civil action by any person . . who believes that he is or she is likely to be damaged by the use of any such false description or representation.

8. 14 V.I.C. § 2172 in pertinent part provides: Whoever . . . (8) knowingly sells, offers or exposes for sale any article of merchandise and orally or by representation, name or mark written or printed thereon, . . . or used in connection therewith or by advertisement . . . (A) makes any false representation as to the person by whom such article of merchandise . . . was made, or . . . marketed . . . shall be fined . . . .

defendant's not appealing the judgment and decree. I will thus give defendant thirty (30) days from the date hereof to advise this Court if it intends to appeal. If it does intend to appeal, then the judgment and decree entered here will not be considered final and the Court will proceed to conduct a hearing on the issue of damages and lost profits. However, if defendant notifies the Court that it will not appeal, then, at such time, the judgment and decree herein will become final.