**BUTCHER & SINGER, INC., a Pennsylvania corporation, Plaintiff,**

v.

**Lloyd J. KELLAM, Defendant.**

**Civ. A. No. 83–505 CMW.**

United States District Court, D. Delaware.

Sept. 25, 1984.

David J. Ferry, Jr. of Trzuskowski, Kipp, Kelleher & Pearce, Wilmington, Del., for plaintiff; Edward C. Mengel, Jr. of White & Williams, Philadelphia, Pa., of counsel.

Victor F. Battaglia and Pamela S. Tikellis of Biggs & Battaglia, Wilmington, Del., for defendant.

## MEMORANDUM OPINION

CALEB M. WRIGHT, Senior District Judge.

Plaintiff brought this action in August of 1983 to recover losses it incurred when it was forced to refund the purchase price of bonds that it had sold and that were subsequently discovered to have been stolen and/or forged. The bonds were allegedly received from the defendant. Almost one year after the commencement of this action and almost seven months after the completion of discovery, the defendant seeks the Court's permission to amend his answer for purposes of asserting an affirmative defense of estoppel. No excuse has been offered for the delay other than defendant's belated discovery of a factual basis for the defense while reviewing a deposition taken nine months earlier in preparing a pretrial order. Pretrial is set for September 28, 1984 and trial for November 5, 1984. Plaintiff objects to the amendment because of the unexcused delay in bringing the motion and the resulting prejudice to it and delay to the case if the motion is granted.

Rule 15 of the Federal Rules of Civil Procedure requires a party seeking to

amend a pleading after twenty days from service, to obtain the leave of the Court when the opposing party objects to the amendment. Although the Rule gives courts discretion to grant or deny a motion to amend, it directs the court to regard such motions permissively "when justice so requires." The modern procedural reforms embodied in the Federal Rules of Civil Procedure were intended "to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Rule 15 contributes to this goal by allowing parties to have an opportunity to present their best case based on claims and defenses that, for one reason or another, may have become apparent to the respective parties only well after the pleadings have been filed.

■ "As a practical matter, however, any delay in asserting an affirmative defense for a significant period of time will almost invariably result in some 'prejudice' to the nonmoving party." *Advocat v. Nexus Industries, Inc.,* 497 F.Supp. 328, 331 (D.Del.1980). Accordingly, courts, in deciding Rule 15 motions, must balance their overriding interest in achieving a decision on the merits against the potential for prejudice or unfair disadvantage to a nonmoving party caused by an amendment. In *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court identified those factors courts could consider in denying a party leave to amend. Among these factors, two are relevant to the consideration of defendant's motion: "undue delay" and "undue prejudice to the opposing party by virtue of allowance of the amendment." *Id.* at 182, 83 S.Ct. at 230.

■ Plaintiff contends that the intervening seven months since the completion of discovery and the almost nine months since the foundation for defendant's defense became apparent through discovery constitute undue delay on the defendant's part in seeking to amend his answer. Some courts have held that undue delay, even in the absence of any strong showing of prejudice, is sufficient to insulate from review a

trial court's discretion in denying a motion to amend, *see Murphy v. White Hen Pantry Co.,* 691 F.2d 350 (7th Cir.1982) (affirming district court's refusal to allow plaintiff to amend complaint after summary judgment granted for defendants), or even to compel the exercise of the district court's discretion to deny a motion to amend. *Evans v. Syracuse City School Dist.,* 704 F.2d 44 (2d Cir.1983) (holding that district court abused its discretion in allowing defendant to assert res judicata six days before trial, some 2¾ years after the defense became available). Although, in the matter currently pending before the Court, it is evident that the defendant did not identify its defenses as diligently as it might have, the Court is not convinced that the delay is truly undue.

■ Notwithstanding this factual determination, the Court feels that the better rule (and the rule of this circuit as evidenced by numerous decisions) in evaluating the consequences of a party's undue delay in moving to amend a pleading is that delay alone, absent a showing of undue prejudice or unfair disadvantage to the nonmoving party as a result of the amendment, is an inadequate basis for denying a party leave to amend his pleadings. *Cornell & Co., Inc. v. Occupational Safety and Health Review Commission,* 573 F.2d 820, 823 (3d Cir.1978); *Deakyne v. Commissioners of Lewes,* 416 F.2d 290, 300 n. 19 (3d Cir.1969). *See also, Heyl & Patterson International, Inc. v. F.D. Rich Housing, Inc.,* 663 F.2d 419, 425–26 (3d Cir.1981) (government was properly allowed to amend its answers some three years after the original complaint was filed), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982). *Hurn v. Retirement Fund Trust of Plumbing,* 648 F.2d 1252, 1254 (9th Cir.1981) (plaintiff should have been allowed to amend his complaint nearly two years after initiating the lawsuit); *Estes v. Kentucky Utilities Co.,* 636 F.2d 1131, 1134 (6th Cir.1980) (defendant was properly permitted to assert affirmative de-

fense 41 months after filing original answer). *Accord Textor v. Board of Regents*, 711 F:2d 1387, 1391 (7th Cir.1983).

■ Although the plaintiff contends it would be severely prejudiced by allowing this amendment, its allegations of prejudice are presented in a conclusory fashion consisting of a single paragraph. Plaintiff suggests that additional discovery will be required, necessitating a postponement of the scheduled trial date, but it fails to explain precisely the additional discovery that it will need. This Court will not deny a moving party's amendment unless the nonmoving party specifically shows that it was "deprived of the opportunity to present facts or evidence which it would have offered" had the moving party's amendments been timely filed. *Heyl & Patterson International, Inc. v. F.D. Rich Housing, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982).

■ The potential for prejudice seems particularly remote in view of the central issue in this case and the amendment sought. Plaintiff in essence asserts the defendant is liable for its sale of stolen and/or forged bonds. By way of amendment, defendant alleges that plaintiff assured the defendant that the bonds were neither stolen nor forged. Although defendant's amendment raises a new theory, it cannot be said that this theory introduces unforeseen issues. Defendant intends to rely on testimony of the defendant and an employee of the plaintiff, both of whom have been deposed, to establish its defense. The Court cannot envision how this will lead to additional discovery or postponement. If the plaintiff feels it needs a postponement, the Court will consider that matter at a later date. It is confident, however, that any delay occasioned by permitting this amendment will be insignificant when measured against this Court's interest in seeing a proper decision on the merits.