**ZAP, Emanuel, Appellant,**

v.

**FRANKEL, Herschel; Taibi, Raymond; Creskoff, Howard J., Individually and Trading as Adbar Associates and Midlantic Coast Delivery Systems, Inc., in its own right and as successor in interest to Route Messengers of Pennsylvania, Inc.**

No. 84–1714.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit, Rule 12(6) May 13, 1985.*

Decided Aug. 7, 1985.

---

* Held CAV pending action by Supreme Court in *Sedima*.

Rudolph Garcia, Michael R. Lastowski, Philadelphia, Pa., for appellant; Saul, Ewing, Remick & Saul, Philadelphia, Pa., of counsel.

Patrick T. Ryan, Drinker, Biddle & Reath, Philadelphia, Pa., for appellees.

Before JAMES HUNTER, III and SLOVITER, Circuit Judges, and COHEN,** District Judge.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

This appeal arises from a disagreement between individuals involved in an interstate trucking merger and real estate venture. Emanuel Zap, the plaintiff in the

** Honorable Mitchell H. Cohen, United States District Judge for the District of New Jersey, sitting by designation.

district court, owned 50% of the stock of N.Y. & N.J. Freightways, Inc. ("Freightways"), an interstate trucking firm. He entered into a deal with the defendants, Herschel Frankel, Raymond Taibi and Howard J. Creskoff, whereby Freightways would be merged with another trucking firm, Route Messengers of Pennsylvania, Inc., to form a new firm, called Midlantic Coast Delivery Systems, Inc. ("Midlantic"). Zap agreed to relinquish his equity interest in Midlantic to the defendants, and become a partner in McKean Street Associates ("McKean"), a real estate venture, controlled by the defendants, that owned property which it leased to Midlantic. Zap eventually became disenchanted with the arrangements and brought suit against his partners in the United States District Court for the Eastern District of Pennsylvania.

Zap alleged that the defendants had diverted the proceeds of the mortgage on the McKean property to Midlantic and to their own personal use, and that they had been charging Midlantic less than market-value rent for the property. Zap claimed that the conduct of the defendants, in depriving him of the value of his share in McKean, constituted a "scheme to defraud" and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a)–(d) (1982). In addition, Zap's complaint sets forth claims under Pennsylvania's RICO counterpart, the Corrupt Organizations Act, 18 Pa.Cons.Stat.Ann. § 911(h)(4) (1983), and common law fraud, common law conspiracy, breach of fiduciary duty, breach of contract and negligence.

The district court granted the defendants' motion to dismiss plaintiff's RICO count under Fed.R.Civ.Pro. 12(b)(6) for failure to state a claim, and further dismissed plaintiff's state law claims for lack of pendent jurisdiction. The district court held

that, under RICO, a plaintiff must allege a separate injury, apart from the injury stemming from predicate acts of fraud. It stated that the plaintiff must allege "injury of the type the RICO statute was intended to prevent." To support its requirement of a special "racketeering injury," the district court relied on the opinion of the United States Court of Appeals for the Second Circuit in *Sedima S.P.R.L. v. Imrex Co.,* 741 F.2d 482 (2d Cir.1984), *rev'd,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). The Supreme Court has since reversed the judgment of the Second Circuit in that case, holding that a RICO plaintiff need allege no independent "racketeering injury" apart from the injury caused by the predicate acts.

Accordingly, we will reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion and that of the Supreme Court in *Sedima S.P.R.L. v. Imrex Co.,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).