**UNITED STATES of America, Appellee,**

v.

**David M. ROSENFIELD, Appellant.**

**No. 85–1106.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
Rule 12(6) Dec. 5, 1985.

Decided Dec. 23, 1985.

Rehearing and Rehearing En Banc
Denied Feb. 19, 1986.

David M. Rosenfield, Harry Lore, Robert F. Simone, Philadelphia, Pa., for appellant.

James G. Sheehan, Elizabeth K. Ainslie, Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before ADAMS, Acting Chief Judge, GIBBONS and STAPLETON, Circuit Judges.

**OPINION OF THE COURT**

PER CURIAM.

David M. Rosenfield, a Philadelphia attorney, appeals from his conviction for taking part in a scheme to recover fraudulent insurance claims for fictitious automobile accidents. He was charged with a conspiracy count under the Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. § 1962(d) (1982), a substantive RICO violation under 18 U.S.C. § 1962(c), obstruction of justice under 18 U.S.C. § 1503, and 34 counts of knowing partic-

ipation in fraudulent insurance claims under 18 U.S.C. § 1341. After he was convicted on all counts, the district court on February 12, 1985 sentenced him to six and one-half years in prison. On appeal, Rosenfield challenges his conviction on grounds of prosecutorial misconduct, primarily claiming violations of grand jury secrecy. Although we believe that some confidential material may have been disclosed, Rosenfield has not established that he was prejudiced by any alleged breach. We therefore affirm.

Rosenfield's appeal focuses primarily on the relationship between a federal investigator from the United States Postal Inspectors and an agent of the Insurance Crime Prevention Institute (ICPI), a private anti-fraud unit created by insurance companies. John Hoda, the ICPI agent, alerted the government to possible fraud by Rosenfield's firm, and subsequently assisted Postal Inspector James Trovarello in his investigation. According to the government, Hoda's principal role was to identify copies of insurance files that were of interest to the investigation, and deliver them to Trovarello. In addition, Hoda was present, or waiting in the car, when 36 grand jury subpoenas were served by postal inspectors, thus enabling him to learn the identity of grand jury witnesses. Hoda was also present when some 37 people were interviewed by postal inspectors. In about ten of these instances, according to the government, the interview took place after the person had complied with a grand jury subpoena demanding handwriting examples and fingerprints, and in approximately five or six of these instances, the person's statement was subsequently summarized to the grand jury.

Under Fed.R.Crim.Proc. 6(e)(2), participants in the grand jury proceeding "shall not disclose matters occurring before the grand jury...." Although an exception allows the government to disclose grand jury matters to government personnel, *see* Fed.R.Crim.Proc. 6(e)(3)(A)(ii), it is conceded that the private ICPI agent does not come within that exception. The district court determined that allowing Hoda to be present while interviews with witnesses were being conducted, even outside the grand jury, constituted a disclosure because the government had a "reasonable basis for belief that those matters would be summarized to the grand jury." The government, however, argues that Rule 6(e) applies only to interviews that actually occur before the grand jury, not to extra-grand jury interviews that may later be submitted to the grand jurors. Rosenfield also maintains that there was a second breach: he insists that enabling Hoda to learn the identities of witnesses before the grand jury transgressed Rule 6(e). *See Fund for Constitutional Government v. National Archives*, 656 F.2d 856 (D.C.Cir. 1981).

■ We need not resolve these contentions, however, because even assuming these were violations of grand jury secrecy, reversal of the convictions is not warranted. An abuse of the grand jury by the prosecution merits dismissal of an indictment only where the defendant is actually prejudiced, or "[t]here is evidence that the challenged activity was something other than an isolated incident unmotivated by sinister ends or that the type of misconduct challenged has become 'entrenched and flagrant' in the circuit." *United States v. Serubo*, 604 F.2d 807, 817 (3d Cir.1979), *quoting United States v. Birdman*, 602 F.2d 547, 559 (3d Cir.; *cert. denied*, 444 U.S. 1032, 100 S.Ct. 703, 62 L.Ed.2d 322 (1979).

■ Here, Rosenfield does not appear to contest the district court's finding that there was no evidence of "any prejudice whatsoever to this defendant." Nor is there any evidence that the alleged disclosures were motivated by sinister ends, or are " 'entrenched and flagrant' in the circuit." *Id.* At worst, one federal postal inspector erred in sharing too much information with an agent from a private organization who was assisting in an investigation.

At the same time, however, we wish to reaffirm the importance of maintaining grand jury secrecy, *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219, 99 S.Ct. 1667, 1673, 60 L.Ed.2d 156 (1979),

and to caution prosecutors and government investigators against future transgressions. In this case, the government displayed questionable judgment in allowing Hoda access to information arguably within the scope of the disclosure prohibition of Rule 6(e)(2).[1] Future lapses, should they become routine or if they are arguably prejudicial to individual defendants, will be examined with close scrutiny.

Rosenfield also challenges his conviction on the ground that the government abused its subpoena power under Fed.R.Crim.P. 17, and that it failed to disclose exculpatory material as required by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We have carefully reviewed the record, and find that there is no merit to these contentions.

Accordingly, the judgment of the district court will be affirmed.

---

1. In addition to the alleged disclosures already noted, Hoda kept a log during the course of the two-year investigation and his entries suggest that he may have had knowledge of such grand jury matters as when indictments would be issued. Rosenfield argued this was also evidence of disclosure. The district court, however, did not credit the log, and we do not believe this finding of the district court is clearly erroneous. Nonetheless, the fact that the agent kept the log suggests the potential for abuse when non-government personnel are provided access to activities related to the grand jury.