**William ROCHE, Daniel Balish, Carolyn Hoffman, Louis and Deborah Domiano and Jeffrey V. and Rosaria A. Elwell, Plaintiffs,**

v.

**E.F. HUTTON & COMPANY, INC., Tony Watson, Thomas Clark and Katherine Clark, Defendants.**

Civ. No. 83–1422.

United States District Court, M.D. Pennsylvania.

May 20, 1986.

**316**

William W. Warren, Jr., Scranton, Pa., for plaintiffs Wm. Roche, Daniel Balish, Carolyn Hoffman and Louis and Deborah Domiano.

Anthony F. Jeselnik, Pittsburgh, Pa., for plaintiffs Jeffrey V. and Rosaria A. Elwell.

Daniel E. Bacine, Samuel R. Simon, Philadelphia, Pa., Timothy E. Foley, Scranton, Pa., for E.F. Hutton & Co., Inc., Tony Watson, Thomas Clark and Katherine Clark.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Defendants filed a Motion for Judgment on the Pleadings with respect to plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act on January 13, 1986. Defendants request that judgment be entered in their favor on Count II of the Amended Complaint of Plaintiffs Roche, Balish, Hoffman and Domiano, Count II of the Amended Complaint of Plaintiffs Jeffrey V. and Rosaria A. Elwell and Count III [1] of the Complaint of Walter P. Knight, intervening plaintiff. Plaintiffs filed an Opposition Brief on February 7, 1986 [2] and defendants replied on February 25, 1986. Plaintiffs filed a surreply brief, pursuant to court Order dated April 7, 1986, on April 10, 1986. In accordance with their request and with the court's permission, defendants filed a closing Memorandum in Support of Their Motion for Judgment on the Pleadings on April 16, 1986. Needless to say, this issue has been fully briefed and is ripe for disposition. For the reasons set forth below, defendants' Motion for Judgment on the Pleadings will be granted in part and denied in part.

## DISCUSSION

At the outset, the court recognizes that a judgment on the pleadings is an appropriate remedy where material facts are undisputed and judgment is possible by consider-

---

1. The court's reading of the intervening plaintiff's complaint discloses that the RICO claim is set forth in Count IV. Therefore, the court finds that defendants' motion is directed at Count IV of this complaint, rather than Count III.

2. Plaintiffs Jeffrey V. and Rosaria A. Elwell filed a response on March 17, 1986, in which they adopted plaintiffs' brief filed on February 7, 1986.

ing the contents of the pleadings. *See General Foods Corp. v. General Foods, Inc.*, 496 F.Supp. 307 (D.C.V.I.1979), *aff'd*, 659 F.2d 1066 (3d Cir.1981). In considering a motion for judgment on the pleadings, the court is required to view the facts presented in the pleadings and the inferences drawn therefrom in a light most favorable to the nonmoving party. *See City of Philadelphia v. Stepan Chemical Co.*, 544 F.Supp. 1135 (E.D.Pa.1982). With this standard in mind, the court will examine each of the challenged claims *seriatim.*

A. *Section 1962(c)*[3] *Claim Against Defendant E.F. Hutton & Co., Inc.*

In their opposition brief, plaintiffs state, "... plaintiffs do not press their claim of liability against E.F. Hutton (Hutton) under subsection 1962(c)...." Document 121 of the Record at 2. Accordingly, plaintiffs appear to concede, in light of *B.F. Hirsch v. Enright Refining Co., Inc.*, 751 F.2d 628 (3d Cir.1984), that Hutton cannot be both the "enterprise" and the liable "person" for § 1962(c) purposes. *See United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981) ("enterprise" is a separate element that must be proved).

There is some question whether Hutton could be held liable under § 1962(c) on the basis of *respondeat superior.* It is doubt-

ful, however, whether *respondeat superior* can be utilized to impose liability on Hutton indirectly, when *B.F. Hirsch* prohibits the same recovery directly.[4] The court need not address this issue in light of plaintiffs' withdrawal of their § 1962(c) claim against Hutton. As plaintiffs aver:

In this case, even though the plaintiffs assert that E.F. Hutton constitutes an institutional RICO enterprise, the plaintiffs no longer press the claim that E.F. Hutton is liable as a defendant under subsection 1962(c). The allegations in the amended and intervenor's complaints that all "defendants" are liable should, as far as subsection 1962(c) is concerned, be interpreted as referring only to the individual Hutton employees and not to E.F. Hutton itself.... Since the plaintiffs do not now seek to hold E.F. Hutton liable as a defendant under subsection 1962(c), the *Hirsch* decision has no further bearing on plaintiffs' RICO claims.

Document 121 of the Record at 5.

B. *Section 1962(c) Claims Against Individual Defendants*

Plaintiffs assert claims pursuant to § 1962(c) against the individual defendants. As plaintiffs state:

Plaintiffs have stated a claim against the individual Hutton employees under this subsection because, in their complaints,

---

**3.** That section provides:

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).

**4.** Indeed, to impose liability under the theory of *respondeat superior* in this case, the court would have to find that the individual employees constituted the "person" and Hutton the "enterprise." In *Yancoski v. E.F. Hutton & Co., Inc.*, 581 F.Supp. 88, 97 (E.D.Pa.1983), the court stated, "... the court concludes that the only possible relationship of person and enterprise possible is the one where Krakovitz (employee) is the person and E.F. Hutton is the enterprise. Since the enterprise cannot be liable to the plaintiff in a civil RICO claim predicated on a violation of 18 U.S.C. § 1962(c), (citations omitted), plaintiff fails to state a civil RICO claim against E.F. Hutton based on 18 U.S.C. § 1962(c)." *See Dak-*

*is v. Chapman*, 574 F.Supp. 757 (N.D.Cal.1983). Similarly, in *Gilbert v. Prudential-Bache Securities, Inc.*, 643 F.Supp. 107 (E.D.Pa.1986), the court held that a defendant may not be held liable under § 1962(c) unless, through a pattern of racketeering activities, it conducts the affairs of an enterprise other than itself. Moreover, the court specifically rejected the idea that the doctrine of *respondeat superior* could be utilized to impose liability on the enterprise. As the court stated:

Plaintiffs make a further argument that, even if Bache may not be held directly liable under § 1962(c), the individual defendants can be, and Bache would be liable for their activities on a *respondeat superior* theory. I reject that argument as inconsistent with *B.F. Hirsh (sic) v. Enright Refining Co., supra*. To accept plaintiff's argument would be to read the enterprise requirement out of the statute entirely whenever a corporate defendant is involved.

*Id.* at 109.

the plaintiffs allege in essence that the Hutton employees engaged in two or more acts of mail and wire fraud within the past ten years and that through this "pattern of racketeering activity" those employees conducted the affairs of E.F. Hutton, an institutional enterprise within the meaning of the RICO statute.

Document 121 of the Record at 6.

Defendants maintain that "even under plaintiffs' own allegations, however, the individual defendants lack the requisite *degree* of participation in E.F. Hutton's affairs to satisfy the requirements of Section 1962(c)." Document 124 of the Record at 5. Defendants aver that although the individual defendants were "employed by" or "associated with" Hutton, they did not conduct or participate in the conduct of Hutton's affairs within the meaning of § 1962(c).

In relevant part, § 1962(c) makes it unlawful for persons employed by or associated with any enterprise "... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity...." 18 U.S.C. § 1962(c) In *United States v. Provenzano*, 688 F.2d 194 (3d Cir.), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 492, 74 L.Ed.2d 634 (1982), our Court of Appeals adopted the Second Circuit Court of Appeals' rationale, finding that one conducts the activities of an enterprise through a pattern of racketeering when:

(1) One is enabled to commit the predicate offenses solely by virtue of his position in the enterprise or involvement in or control over the officers of the enterprise; *or*

(2) the predicate offenses are related to the activities of that enterprise.

*Id.* at 200 (citation omitted). "It is only when the predicate acts are unrelated to

the enterprise or the actor's association with it that the nexus element is missing, and consequently there is no RICO violation." *Id.* See also *United States v. Martino*, 648 F.2d 367, 382 (5th Cir.1981), *cert. denied*, 456 U.S. 949, 102 S.Ct. 2020, 72 L.Ed.2d 474 (1982) (word "conduct", as used in RICO, simply means the performance of activities necessary or helpful to the operation of the enterprise); *Joseph v. Algemene Bank Nederland, N.V.,* 592 F.Supp. 141 (W.D.Pa.1984) (it is only when the predicate acts are unrelated to the enterprise or the actor's association with it that the nexus element is missing). In this case, plaintiffs generally allege that the individual defendants "churned" plaintiffs' commodities accounts while employed by Hutton. At the very least, these actions are related to the activities of the enterprise (Hutton).[5] *See United States v. Provenzano, supra.*

Defendants apparently argue that plaintiffs must establish that the individual defendants held managerial positions with Hutton, enabling them to "shape or direct the policies of the enterprise" (Hutton). See Document 124 of the Record at 6–7 *citing Gramercy 222 Residents Corp. v. Gramercy Realty Associates,* 591 F.Supp. 1408 (S.D.N.Y.1984). In *Gramercy*, however, the court recognized that the individuals in that case were "transient characters" who could not be held responsible for the acts of the enterprise. *Id.* at 1412. In any event, the court finds that precedent in this circuit does not require that defendants hold a "managerial" type position in the enterprise.

■ The mere fact that a defendant works for a legitimate enterprise and commits racketeering acts while on the business premises does not establish that the

5. Similarly, it appears that the individual defendants were able to commit the predicate offenses by virtue of their positions with Hutton. *See United States v. Provenzano, supra.* As one court recognized, a violation of RICO is made out where the defendant commits the predicate offenses through his involvement in or control of the affairs of the enterprise. *Eaby v. Richmond,* 561 F.Supp. 131, 138 (E.D.Pa.1983). *See also D'Iorio v. Adonizio,* 554 F.Supp. 222 (M.D.

Pa.1982) (one prerequisite for maintaining a RICO claim is to show the involvement in or conduct of the enterprise through a pattern of racketeering activity by defendant). In the case *sub judice,* plaintiffs sufficiently allege that the individual defendants committed the predicate acts through their involvement with Hutton. *See Tarasi v. Dravo Corp.,* 613 F.Supp. 1235 (W.D.Pa.1985).

affairs of the enterprise have been conducted through a pattern of racketeering activity. *See United States v. Jannotti*, 729 F.2d 213, 226 (3d Cir.1984), *cert. denied*, 469 U.S. 880, 105 S.Ct. 243, 83 L.Ed.2d 182 (1985). Instead, it must be shown that the defendant "is enabled to commit the predicate offenses solely by virtue of his position in the enterprise or involvement in or control over the affairs of the enterprise; or ... *the predicate offenses are related to the activities of that enterprise.*" *Id.* at 226 (citations omitted). In light of the standard to be applied when ruling on a Motion for Judgment on the Pleadings, *see supra* at 316–17, the court finds, at the very least, that plaintiffs sufficiently aver that the individual defendants committed predicate offenses related to the activities of Hutton. *See Alfaro v. E.F. Hutton & Co., Inc.*, 606 F.Supp. 1100 (E.D.Pa.1985); *cf. Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786 (3d Cir.1984), *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985) (essence of the RICO offense is a defendant acting through or upon an enterprise); *Bennett v. Berg*, 710 F.2d 1361 (8th Cir.), *cert. denied*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983) (defendant's participation must be in the conduct of the affairs of a RICO enterprise; ordinarily requires some participation in the operation or management of the enterprise itself). Accordingly, plaintiffs' claims pursuant to § 1962(c) against the individual defendants will not be dismissed at this stage of the proceedings.

## C.  *Section 1962(a)* [6] *Claims*

Plaintiffs claim E.F. Hutton and its individual employees are liable under subsection 1962(a) because "E.F. Hutton along with its employees received income derived from a pattern of racketeering activity and used that income in the operation of E.F. Hutton's affairs." Document 121 of the Record at 3. In opposition, defendants raise three (3) arguments.

### I.

■ Defendants first aver that plaintiffs' Motion for Leave to Amend their complaints to add claims pursuant to § 1962(a) is untimely and would prejudice defendants. Fed.R.Civ.P. 15(a) is intended to permit the liberal amendment of pleadings, *see Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), and delay alone, absent a showing of undue prejudice or unfair disadvantage to the nonmoving party as a result of the amendment, is an inadequate basis for denying a party leave to amend its pleadings. *Butcher & Singer, Inc. v. Kellam*, 105 F.R.D. 450 (D.Del.1984) *citing Cornell & Co., Inc. v. Occupational Safety and Health Review Commission*, 573 F.2d 820 (3d Cir.1978). Accordingly, "it is well-settled that prejudice to the nonmoving party is the touchstone for the denial of an amendment." *Cornell & Co., Inc. v. Occupational Safety and Health Review Commission, supra*, at 823. In this case, defendants' primary contentions are that the § 1962(a) claim will require additional discovery and will significantly alter the focus of this litigation.

While additional discovery may be required, the discovery deadline has been extended previously in this case, most recently to May 31, 1986, by Order dated March 14, 1986, and defendants fail to specifically show that they will be "deprived of the opportunity to present facts or evidence which it would have offered" had plaintiffs' amendment been timely filed. *Heyl & Patterson International, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir.1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982). Furthermore, the court questions whether addition of

---

**6.** In pertinent part, that section states:

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce....

18 U.S.C. § 1962(a).

§ 1962(a) claims "significantly alters" the present litigation. Although plaintiffs' amendment may raise a new theory, it cannot be said that this theory introduces unforeseen issues. *See Butcher & Singer, Inc. v. Kellam, supra* (dealing with defendants' attempt to amend an answer). *See also Gilbert v. Prudential-Bache Securities, Inc., supra* (various subparts of § 1962 are so closely related that it is unlikely that an amendment to add a § 1962(a) claim would cause prejudice). Moreover, defendants have not demonstrated that they will be deprived of an opportunity to present evidence to counter plaintiffs' § 1962(a) claims.

■ The purpose of pleading is to facilitate a proper decision on the merits. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For this reason, a non-moving party has a heavier burden than merely claiming prejudice. *See Heyl & Patterson International, Inc. v. F.D. Rich Housing, supra,* at 426. As discussed, defendants have to show that they were unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely. *Id.* Adhering to the general principle that leave to amend "shall be freely given when justice so requires," *see Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208 (3d Cir.1984), the court finds that defendants' allegations of prejudice are insufficient to deny plaintiffs the opportunity to add claims pursuant to § 1962(a). *Id.* at 1212; *Butcher & Singer, Inc. v. Kellam, supra* (any delay occassioned by permitting amendment is insignificant when measured against Court's interest in seeing a proper decision on the merits); *In Re Olympia Brewing Co. Securities Litigation,* No. 77 C 1206, slip op. (N.D.Ill., January 21, 1985) [Available on WESTLAW, DCT database]. Finally, as discussed further in this Memorandum, the court finds that the § 1962(a) claims are sufficiently plead to withstand the present motion.[7]

---

7. Additionally, the court notes that plaintiffs' original and amended complaints assert claims under § 1962 generally and not only § 1962(c), specifically. *See* Fed.R.Civ.P. 8(f); *Gilbert v.*

## II.

Secondly, defendants maintain that as with § 1962(c), a defendant cannot simultaneously be cast in the dual role of culpable person and RICO enterprise. In support, defendants assert that paragraphs (a) and (c) be read together so as to require proof of the same elements.

■ In *B.F. Hirsch, Inc. v. Enright Refining Co.,* 617 F.Supp. 49 (D.N.J.1985), the court, *citing Haroco, Inc. v. American National Bank & Trust Co.,* 747 F.2d 384 (7th Cir.1984), *aff'd,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985), found that under § 1962(a) the liable person may be a corporation using the proceeds of a pattern of racketeering activity in its operations. *Id.* at 51. In *Haroco,* in what may be termed dicta, the Seventh Circuit Court of Appeals stated, "(s)ubsection (a) does not contain any of the language in subsection (c) which suggests that the liable person and the enterprise must be separate. Under subsection (a), therefore, the liable person may be a corporation using the proceeds of a pattern of racketeering activity in its operation." *Id.* at 402. As the court in *B.F. Hirsch* recognized, "this interpretation is consistent with both the language of the statute cited and the intent of Congress in enacting RICO." *Id.* at 51. Therefore, a corporation can be held liable when it is actually the perpetrator or beneficiary, direct or indirect, of the pattern of racketeering activity, but not when it is merely the victim, prize or passive instrument of racketeering. *Haroco, Inc. v. American National Bank & Trust Co., supra,* at 402; *B.F. Hirsch, Inc. v. Enright Refining Co., supra,* at 52. *See also Masi v. Ford City Bank & Trust Co.,* 779 F.2d 397 (7th Cir. 1985) (adopting *Haroco* as the holding of the Seventh Circuit; this reading of the statute is in accord with *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)). *Accord Commonwealth of Pennsylvania v. Derry Construction Co., Inc.,* 617 F.Supp. 940

---

*Prudential-Bache Securities, Inc., supra* (complaint can properly be read to assert claims under any and all sections of the RICO statute which may be pertinent).

(W.D.Pa.1985) (reasoning of *Haroco* persuasive; finding supported by language of § 1962; logic dictates that a corporation receiving income from a pattern of racketeering activity in which it has participated as a principal, can invest that income in its own operations); *Conan Properties, Inc. v. Mattel, Inc.,* 619 F.Supp. 1167 (S.D.N.Y. 1985) (not contested that liable person and enterprise may both be the same entity for § 1962(a)). *Contra Kredietbank, N.V. v. Joyce Morris, Inc.,* No. 84–1903, slip op. (D.N.J., January 9, 1986) [Available on WESTLAW DCTU database]. Consequently, because plaintiffs in this case aver that, in essence, Hutton was a perpetrator or beneficiary of the racketeering activity, Hutton may be both the enterprise and person for purposes of § 1962(a). *See Gilbert v. Prudential-Bache Securities, Inc., supra.*

### III.

Finally, defendants aver that plaintiffs' claims of injury by predicate acts of racketeering activity are insufficient to give plaintiffs standing to assert claims under § 1962(a). Defendants rely on *Gilbert v. Prudential-Bache Securities, Inc., id.,* to support their position.

■ In *Gilbert,* the court held that plaintiffs lacked standing to pursue a claim for damages pursuant to § 1962(a). As the court stated, "the damages claimed by these plaintiffs were caused by the alleged pattern of racketeering activities, culminating in the challenged securities transactions; whether the defendants did or did not invest the proceeds in a business affecting commerce cannot have been causally related to any injury to plaintiffs." *Id.* at 109. In this case, the court finds that plaintiffs allege injury as a result of defendants receipt of income from a pattern of racketeering activity which they used in the operation of Hutton's business. *See B.F. Hirsch v. Enright Refining Co., supra.* Plaintiffs sufficiently aver an injury by reason of a violation of § 1962(a). *See Alfaro v. E.F. Hutton & Co., Inc., supra* (civil RICO liability does not depend upon pleading or proof of a unique injury other than the injury caused by the predicate racketeering acts). This comports with the reasoning of the Supreme Court's decision in *Sedima, S.P.R.L. v. Imrex Co., Inc., supra; American National Bank & Trust Co. v. Haroco, Inc.,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985); *see also Zap v. Frankel,* 770 F.2d 24 (3d Cir.1985).

In *In Re Olympia Brewing Co. Securities Litigation, supra,* defendants alleged that under § 1962(a) the injury must have resulted from actual use of investment of racketeering income rather than merely resulting from the predicate acts. The court found, in light of *Haroco,* that there was no distinction between § 1962(a) and (c) concerning the type of injury that must be alleged. Thus, the injury required under § 1962(a) is no more than that required for § 1962(c), namely, an injury resulting from the underlying acts of racketeering. *Id; B.F. Hirsch, Inc. v. Enright Refining Co., supra* (plaintiff has standing to recover under § 1962(a) in that it suffered a racketeering injury by reason of a violation of that section). *Cf. Joseph v. Algemene Bank Nederland, N.V., supra.* This court finds no support for requiring a different type of injury than that required for § 1962(c). *Cf. Warner Communications, Inc. v. Murdoch,* 581 F.Supp. 1482, 1498 n. 15 (D.Del.1984) (injury cognizable under RICO not sustained; no allegation of injury from acts establishing a pattern or racketeering activity).

In sum, for purposes of the present motion, plaintiffs sufficiently aver that Hutton and the individual defendants used income acquired through a pattern of racketeering activity in the operation of Hutton, an enterprise whose activities affect interstate commerce. *Cf. Econo-Car International, Inc. v. Agency Rent-A-Car, Inc.,* 589 F.Supp. 1368 (D.Mass.1984) (plaintiff alleged defendant used "indirect income" from racketeering activity to purchase plaintiff; questionable whether defendant invested "racketeering income"; plaintiff cannot allege that it was injured by reason of defendant's purchase of plaintiff; injury resulted from defendant's operation of plaintiff). In this case, plaintiffs maintain they were injured by reason of defendants' use of income derived from racketeering

activity in the operation of Hutton. In light of the standard applied to a Motion for Judgment on the Pleadings, *see supra* at 316–17, this is sufficient. Finally, as discussed, Hutton may be liable as a person, while simultaneously constituting the enterprise for purposes of § 1962(a).

An appropriate Order will enter.

## ORDER

In accordance with the reasoning set forth in the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

(1) Defendants' Motion for Judgment on the Pleadings is granted insofar as it relates to plaintiffs' RICO claim pursuant to 18 U.S.C. § 1962(c) against Defendant E.F. Hutton & Co., Inc.

(2) Defendants' Motion for Judgment on the Pleadings is denied insofar as it relates to plaintiffs' RICO claims pursuant to 18 U.S.C. § 1962(c) against the individual defendants.

(3) Plaintiffs' Motion to Amend Their Complaint to Add Claims Pursuant to 18 U.S.C. § 1962(a) is granted.

(4) Defendants' Motion for Judgment on the Pleadings is denied insofar as it relates to plaintiffs' RICO claim pursuant to 18 U.S.C. § 1962(a) against all defendants.

(5) Plaintiffs' RICO claim pursuant to 18 U.S.C. § 1962(c) against Defendant E.F. Hutton & Co., Inc. is dismissed.