**UNITED STATES**

v.

**David M. ROSENFIELD.**

**Crim. No. 84–305–1.**

United States District Court,
E.D. Pennsylvania.

Aug. 11, 1987.

James G. Sheehan, Chief, Civ. Div., Bucky P. Mansuy, Asst. U.S. Atty., Philadelphia, Pa., for U.S.

Harry Lore, Robert F. Simone, Philadelphia, Pa., for David M. Rosenfield.

## MEMORANDUM—ORDER

CLIFFORD SCOTT GREEN, District Judge.

Mr. Rosenfield, by motion and supplemental motion filed pursuant to 28 U.S.C. § 2255, seeks to vacate the sentence of imprisonment imposed by this court upon a jury verdict of guilty as to the crimes charged in counts one through thirty-eight of the indictment, and the grant of a new trial. The legal ground relied upon is ineffective assistance of counsel. Upon consideration of the motions, the government's opposition thereto, the evidence produced at the hearing on said motions and the memoranda filed by the parties, the motions will be denied.

■ Mr. Rosenfield, a former member of the bar of this court, claims that trial counsel deprived him of his right to testify by stating counsel's opinion that he should not testify. It is claimed, "Rosenfield was thereby frightened, and that, therefore, Rosenfield did not testify." As the government points out, this allegation amounts to only a statement that the professional judgment of trial counsel was followed by Mr. Rosenfield. There is nothing to suggest that his fright resulted from improper advice of counsel. Trial counsel for Mr. Rosenfield testified as to the factors considered and discussed with Mr. Rosenfield that informed his recommendation to Mr. Rosenfield. Indeed, testimony of Mr. Rosenfield at trial consistent with what he had told trial counsel about his destruction of a "subpoenaed bluebook" could have substantially damaged his defense. Of course, Mr. Rosenfield's fear that his defense might be damaged by his testimony affords no basis for relief. I am convinced by the evidence produced that Mr. Rosenfield weighed the risk in testifying against the possible benefit and personally reached an informed decision not to testify as counseled by his trial lawyer.

■ Also, movant contends that trial counsel's representation was inadequate in that he failed to effectively question and thus impeach the government's key witness, William Mele. The record reveals that trial counsel attempted to impeach Mr. Mele with every trial device permissible. Instances of misconduct by Mr. Mele were inquired into, inconsistencies in prior statements revealed, prior criminal history probed, and inquiry made as to bias against defendant. The record fails to reveal any area where further cross-examination would have made a difference in the result.

■ The indictment filed in this matter charged Mr. Rosenfield with specific acts of criminal conduct involving fraudulent accident claims. The evidence revealed a pattern of fraud in defendant's law firm's handling of certain accident claims; however, the indictment did not charge, nor did the government argue, that the entire legal practice of Mr. Rosenfield was fraudulent. Indeed, a substantial amount of evidence was presented that some of the firm's practice was lawful. Thus, the contention of Mr. Rosenfield that counsel was ineffective because evidence of the legitimate nature of some of his practice was not disclosed to the jury is unsupported and, indeed, refuted by the trial record. Perhaps additional specific instances of legitimate business practice could have been brought to the attention of the jury; however, it is inconceivable that such evidence, merely cumulative in character, would have made a difference in the outcome of the trial.

The government was ordered in this case to turn over to trial counsel all *Jencks*

material and all exculpatory *Brady* material. On direct appeal, the United States Court of Appeals for the Third Circuit found no merit to Mr. Rosenfield's contention that he was denied *Brady* material.[1] Movant now argues that the *Brady* material available to counsel was not effectively used. The alleged ineffective use of evidence relates to evidence of lawful business activity. There was a substantial amount of evidence concerning the lawful business activity of the law firm. Additional evidence would not have directly contradicted the substantial evidence of specific unlawful conduct as charged in the indictment and, therefore, could not have made a difference in the outcome of the trial.

 Finally, Rosenfield claims that his attorney had a conflict of interest in that the attorney entered into an agreement with Rosenfield to accept a referral of some of Rosenfield's legitimate clients and to apply a part of the fee received from representing those clients to the fee charged Mr. Rosenfield. On its face, this arrangement does not disclose either unethical conduct or suggest a conflict of interest. Nor does any evidence presented at the hearing support the claim of a conflict of interest.

In sum, the allegations of the petition are not supported by the evidence of record; indeed, the record discloses that trial counsel's performance was not deficient in any respect. All that has been shown is that present counsel, with the advantage of hindsight, claims that he would have made different tactical decisions. However, defendant has not even made a showing that if counsel had proceeded as now suggested the outcome would have been different. Mr. Rosenfield is not entitled to the relief requested because he has shown neither deficient performance of counsel nor prejudice by reason of counsel's performance. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, defendant's motion and supplemental motion for relief in the form of a new trial, asserted pursuant to 28 U.S.C. § 2255, will be denied.

### ORDER

AND NOW, this 11th day of August, 1987, upon consideration of defendant's motion for reduction of sentence pursuant to Rule 35 of the Fed.R.Crim.P. and the government's response thereto, I conclude that the sentence imposed was fair to defendant and the government and further reduction of sentence would be inappropriate. Accordingly, IT IS ORDERED that said motion is DENIED.

---

1. *United States v. Rosenfield,* 780 F.2d 10 (3d Cir.1985) (per curiam), *cert. denied,* —— U.S. ——, 106 S.Ct. 3294, 92 L.Ed.2d 709 (1986).