**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

v.

**David M. ROSENFIELD, et al.**

No. 85–6746.

United States District Court,
E.D. Pennsylvania.

Jan. 11, 1988.

Michael M. Mustokoff, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff.

Gregory T. Magarity and Andrew A. Chirls Wolf, Block, Schorr & Solis–Cohen, Alan J. Hoffman, Dilworth, Paxson, Kalish & Kauffman, Joseph G. Caruso, Joseph G. Caruso, Philadelphia, Pa., for defendants.

## MEMORANDUM

LUDWIG, District Judge.

In this action, State Farm Automobile Insurance Company sued to recover payments made as a result of an allegedly fraudulent automobile accident insurance scheme. Defendants are attorneys David M. Rosenfield [1] and Elliott Raskin and physicians John L. Cionci, Jordan B. Colletta,[2] Frank Caruso,[3] Edward I. Cooper and Armand Castagna.[4] All of the defendants pleaded guilty or were convicted of crimi-

---

1. By order dated May 19, 1987, plaintiff's motion for summary judgment was granted as to Rosenfield.

2. On March 6, 1987, under Fed.R.Civ.P. 55(a), default judgment was entered against Colletta. Plaintiff's motion for default judgment under Fed.R.Civ.P. 55(b)(2) is pending.

3. By order dated May 19, 1987, count IV of the complaint, fraud, was dismissed as to Caruso.

4. On May 13, 1986 David Rosenfield filed a third-party complaint against his office manager William Mele, and Marie Mele, the latter's wife, and against attorneys Steven Liss, Jeffrey Servin and Joseph Caruso. On October 6, 1986, Marie Mele's motion for summary judgment was granted. William Mele's motion for summary judgment was denied on May 21, 1987. Liss's motion to dismiss the third-party complaint was granted on October 23, 1986. By order dated January 30, 1987, Caruso's motion to dismiss the third-party complaint was also granted. The status of the third-party claim against Servin is unclear.

nal charges.[5] Based on these guilty pleas and convictions, State Farm moved for partial summary judgment against defendants Raskin, Cionci and Castagna as to civil RICO (Count II) and fraud (Count IV) and against defendant Caruso as to civil RICO.

An order was entered granting State Farm's motion for partial summary judgment as to Raskin, who moved for reconsideration. State Farm's partial summary judgment motion as to Cionci, Castagna and Caruso was denied, and State Farm moved for reconsideration.[6] Both motions for reconsideration concern the civil RICO counts only.

State Farm contends that partial summary judgment[7] is appropriate as to all four defendants, not only as to Raskin. As to Raskin's motion for reconsideration, State Farm's position is well taken. With regard to Castagna, Cionci and Caruso, because triable issues of fact persist, State Farm's motion for reconsideration must be denied.

### I. *Raskin*

 No issue of material fact remains as to Raskin's liability for civil RICO. State Farm relies on defendant's guilty plea to mail fraud. When a party invokes collateral estoppel based on a guilty plea, a court must examine the record of the criminal proceedings or plea colloquy to determine what issues were comprehended and decided. *De Cavalcante v. Commissioner,*

620 F.2d 23, 27 n. 10 (3d Cir.1980); *Seiffert v. Green,* No. 81–1956, slip op. (E.D.Pa. July 14, 1987) [available on WESTLAW, 1987 WL 13739]; *Salvation Army Corp. v. Dumont Export Corp.,* No. 85–5685, slip op. (E.D.Pa. Oct. 3, 1986) [available on WESTLAW, 1986 WL 11080]. Collateral estoppel applies only to questions " 'directly put in issue and directly determined' in the criminal prosecution." *United States v. Uzzell,* 648 F.Supp. 1362, 1364 (D.D.C. 1986) (quoting *Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed.2d 534 (1951)). Given Raskin's plea colloquy, collateral estoppel prevents Raskin from disputing having committed mail fraud in conjunction with the alleged insurance fraud scheme.

Despite this preclusion, still at issue is whether these facts conclusively constitute a civil RICO violation. *See Appley v. West,* 832 F.2d 1021, 1027 (7th Cir.1987). To establish a violation of civil RICO, a RICO plaintiff must prove: (1) the existence of an enterprise which affects interstate or foreign commerce; (2) that defendant was employed by or associated with the enterprise; (3) that the defendant participated in the conduct of the enterprise's affairs; and (4) that the participation was through a pattern of racketeering activity.[8] 18 U.S.C. § 1962(c) (1984).

---

5. *United States v. Rosenfield,* Crim. No. 84–305 (E.D.Pa. July 18, 1984), *aff'd.,* 780 F.2d 10 (3d Cir.1985), *cert. denied,* 478 U.S. 1004, 106 S.Ct. 3294, 92 L.Ed.2d 709 (1986) (convicted of 35 counts of mail fraud, 18 U.S.C. § 1341; RICO, 18 U.S.C. § 1962(c); RICO conspiracy, § 1962(d)); *United States v. Cionci,* Crim. No. 84–308 (E.D.Pa. Oct. 24, 1984) (convicted of mail fraud, 18 U.S.C. § 1341); *United States v. Raskin,* Crim. No. 84–305–2 (E.D.Pa. Oct. 4, 1984) (pleaded guilty to four counts of mail fraud); *United States v. Colletta,* Crim. No. 84–307–1 (E.D.Pa. Sept. 14, 1984) (convicted of mail fraud, 18 U.S.C. § 1341); *United States v. Caruso,* Crim. No. 84–310 (E.D.Pa. Sept. 11, 1984) (pleaded guilty to two counts of mail fraud, 18 U.S.C. § 1341); *United States v. Castagna,* Crim. No. 84–306 (E.D.Pa. Sept. 25, 1984) (pleaded guilty to two counts of mail fraud, 18 U.S.C. § 1341); *United States v. Cooper,* Crim. No. 84–309 (E.D.Pa. Nov. 21, 1984) (pleaded nolo contendere to mail fraud, 18 U.S.C. § 1341).

6. Cionci, Castagna and Caruso did not file responses to State Farm's motion for reconsideration.

7. In petitioning for summary judgment, movant bears "the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has pointed out the absence of a dispute as to material facts, the nonmovant must go beyond its pleadings and show that there is a genuine issue for trial. *Id.* at 323–26, 106 S.Ct. at 2553–54.

8. Because "mail fraud" constitutes "racketeering activity," 18 U.S.C. § 1341 (1984), Raskin cannot deny this element of civil RICO.

■ "Enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4) (1984). *See, e.g., United States v. Turkette,* 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981); *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786 (3d Cir.1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985).

The David M. Rosenfield law firm, having been a professional corporation organized to practice law, constitutes an "enterprise" for RICO purposes.[9] *See United States v. Jannotti,* 729 F.2d 213, 220 (3d Cir.), *cert. denied,* 469 U.S. 880, 105 S.Ct. 243, 83 L.Ed.2d 182 (1984) (law firm constituted enterprise). Raskin was associated with the enterprise.[10] From 1979 through 1982, Raskin was employed as an associate attorney by the Rosenfield law firm. He was in charge of the law office from January 1980 through July 1982. *See* Raskin's responses to request for admissions at ¶ 1.

■ Raskin also "conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs," through his involvement in the submission of fraudulent claims to the insurance companies. In his guilty plea colloquy, Raskin admitted that while employed by the Rosenfield law firm, he "was aware that the accidents charged in the indictments were fictitious and ... did proceed with them after having that knowledge." Raskin colloquy at 20. Raskin further conceded that he knowingly and willingly became a participant in a scheme to defraud. *Id.* at 20–21. Raskin thereby "knowingly agreed to participate in the enterprise through a pattern of racketeering." *United States v. De Peri,* 778 F.2d 963, 974–75 (3d Cir.1985), *cert. denied,*

475 U.S. 1110, 106 S.Ct. 1518, 89 L.Ed.2d 916 (1986).

■ In his motion for reconsideration, Raskin contends that his guilty pleas to four counts of mail fraud do not demonstrate a "pattern" of racketeering activity as to State Farm. Because State Farm was the victim of only one of those frauds, he maintains that a "pattern" as to this insurance company is lacking.

Raskin would construe the "pattern" and "injury" elements of civil RICO to require that the injuries themselves must evidence the pattern. This analysis, however, "conflate[s] what must be two separate inquiries": (1) the existence of a pattern of racketeering activity and (2) an injury resultant from that activity. *Marshall & Ilsley Trust Co. v. Pate,* 819 F.2d 806, 809 (7th Cir.1987). The *Pate* court observed that "[i]t would be illogical to require a plaintiff to show that all the acts adding up to a 'pattern' injured him, especially in view of the fact that many such acts may be somewhat distinct and separate in time." *Id.* at 810. *Pate* distinguishes the "pattern" and "injury" requirements of civil RICO:

> We do not believe that a plaintiff, in order to state a claim under section 1964(c), must allege an injury to its business or property either caused by at least two predicate acts, or caused by *all* the acts adding up to a pattern. Rather we believe a plaintiff must prove only: (1) a violation of section 1962 (for example, a person furthering an enterprise through a pattern of racketeering activity), and (2) an injury directly resulting from some or all of the activities comprising the violation. At what targets the acts of racketeering activity are aimed goes to

---

**9.** The law firm's activities also have the requisite nexus with interstate commerce. The nexus may be demonstrated merely by proving that defendants used an instrumentality of interstate commerce to execute their fraudulent scheme. *R.A.G.S. Couture, Inc. v. Hyatt,* 774 F.2d 1350, 1353 (5th Cir.1985). Raskin utilized the United States mails in perpetrating the scheme to defraud. *See* Raskin colloquy at 21.

**10.** Section 1962(c) "defines the term 'associated with' as direct or indirect participation in the conduct of the enterprise." *United States v. Forsythe,* 560 F.2d 1127, 1136 (3d Cir.1977). The "employed by or associated with" requirement "should be broadly interpreted and should include outsiders associated with the enterprise as well as enterprise insiders." *Virden v. Graphics One,* 623 F.Supp. 1417, 1433 (C.D.Cal.1985).

the question whether a "pattern" has been demonstrated.

*Id.* at 809. (Emphasis in original).

In *Kearny v. Hudson Meadows Urban Renewal Corp.,* 829 F.2d 1263 (3d Cir. 1987), our Circuit adopted the *Pate* rationale noting that "[r]eading into the statute a requirement that a civil plaintiff prove injury from the entire pattern rather than from any predicate act would, we believe, be inconsistent with the core congressional purposes behind its enactment." *Id.* at 1268. Raskin's view that the two acts necessary to state a RICO violation must both injure the plaintiff must be rejected.

■ Putting aside the pattern/injury argument, Raskin's conduct otherwise constitutes a "pattern of racketeering activity." RICO provides that a "pattern of racketeering activity requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5)(1984). "[T]he existence of a RICO pattern does not turn on the abstract characterization of racketeering acts ... but rather on a combination of specific factors such as the number of unlawful acts, the length of time over which the acts were committed, the similarity of the acts, the number of victims, the number of perpetrators, and the character of the unlawful activity." *Barticheck v. Fidelity Union Bank/First Nat. State,* 832 F.2d 36, 38–39 (3d Cir.1987). *See also Marshall–Silver Construction Company, Inc. v. Mendel,* 835 F.2d 63 (3d Cir.1987). Raskin's four acts of mail fraud over a two-year period against three insurance companies are sufficient to meet the statutory pattern requirement.[11]

## II. *Castagna, Cionci and Caruso*

■ Summary judgment, on the other hand, is not appropriate in the cases of Castagna, Caruso and Cionci. Genuine issues of material fact exist whether these physicians conducted racketeering activity

through the enterprise, the Rosenfield law firm.

§ 1962(c) makes it unlawful for persons employed by or associated with any enterprise "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c) (1984). This language establishes the necessity of demonstrating an "adequate nexus between the racketeering activity and the enterprise's affairs." *Jim Forno's Continental Motors, Inc. v. Subaru Distributors Corp.,* 649 F.Supp. 746, 752 (N.D. N.Y.1986). In *United States v. Provenzano,* 688 F.2d 194 (3d Cir.), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 492, 74 L.Ed.2d 634 (1982), our Circuit concluded that the activities of an enterprise are conducted through a pattern of racketeering activity when:

(1) one is enabled to commit the predicate offenses solely by virtue of his position in the enterprise or involvement in or control over the affairs of the enterprise; or

(2) the predicate offenses are related to the activities of that enterprise.

*Id.* at 200. "It is only when the predicate acts are unrelated to the enterprise or the actor's association with it that the nexus element is missing, and consequently there is no RICO violation." *Id. See also Roche v. E.F. Hutton & Company, Inc.,* 658 F.Supp. 315, 318 (M.D.Pa.1986).

According to the complaint, the Rosenfield law firm referred fictitious automobile accident claimants to Cionci, Castagna and Caruso for treatment. Further, the law firm induced and encouraged Cionci, Castagna and Caruso to exaggerate and overstate patient medical treatment so that personal injury clients could reach the $750 threshold to file a lawsuit for damages under the then Pennsylvania no-fault act. By committing the acts of mail fraud,[12]

---

**11.** The record also supports a finding that plaintiff was injured by the activities of defendant Raskin. *See* Affidavit of James C. Welch, divisional claim superintendent, State Farm, at 2 and 9.

**12.** Cionci was convicted of 23 counts of mail fraud. Castagna and Caruso pleaded guilty to two counts of mail fraud apiece. Accordingly, all three defendants are estopped from denying their liability for mail fraud. *See, e.g., Appley,* 832 F.2d 1021 (7th Cir.1987); *Seiffert,* No. 81–1956, slip op. (E.D.Pa. July 14, 1987).

plaintiff contends, Cionci, Caruso and Castagna participated in the affairs of the enterprise under 18 U.S.C. § 1962(c). Therefore, its argument goes, the nexus requirement is satisfied because the enterprise's scheme depended on the doctors' participation and the doctors could not have defrauded the insurance companies without the referrals of the enterprise's clients.

In support of these contentions, State Farm relies on (1) defendants' convictions or guilty plea colloquies; and (2) defendants' responses or failures to respond to plaintiff's request for admissions. Although this is a forceful position, evidence exists from which a jury could conclude that these defendants did not conduct the affairs of the enterprise through a pattern of racketeering activity. In view of defendants' motion that they did not knowingly take part in any scheme, the nature of their guilty pleas, and the qualifications attached to their admissions, summary judgment is not advisable.

The criminal actions do not collaterally estop defendants from asserting that they were unaware of and did not participate in the fraudulent scheme conducted by the Rosenfield law firm. Cionci's conviction and Castagna and Caruso's guilty pleas estop them from denying the commission of "racketeering activity"—mail fraud. In his guilty plea colloquy, Castagna flatly denied that he was "part of the scheme in any way." Castagna colloquy at 16.

Plaintiff's reliance on requests for admissions to show that defendants participated in the conduct of the enterprise is also arguable. Caruso's responses concede that the enterprise "recommended" that "prospective patients" be referred to Caruso, but states that he understood they were sick. *See* Caruso's responses to requests for admissions at ¶ 2. Similarly, Castagna's responses deny that the overstatement of bills was part of a scheme. See Castagna's responses to requests for admissions at ¶ 24.[13]

Summary judgment that entitles the party having the ultimate burden of proof to a recovery should be exercised only where the law and the facts are so clear that submission to a jury would be unnecessary. On the present record, these physician defendants deny that their criminal frauds were related to the operation of the law firm or to the fraudulent accident scheme. While a strong inference may be drawn to the contrary, the fact record—and the changing posture of the recent law—are such that these defendants should be given their day in court on this issue.

### ORDER

AND NOW, this 11th day of January, 1988, plaintiff State Farm Mutual Automobile Insurance Company's motion to reconsider order dated June 3, 1987 and defendant Elliott Raskin's motion to reconsider order dated May 21, 1987 are denied.

A conference will be held on Wednesday, February 10, 1988 at 9:00 a.m. to schedule the action for trial.

---

**13.** Although not ruled on here, it is also questionable whether Castagna and Caruso participated in a "pattern" of racketeering activity. While both defendants pleaded guilty to two counts of mail fraud, these did not involve plaintiff. In *Kearny,* 829 F.2d 1263, and *Pate,* 819 F.2d 806, the Third and Seventh Circuits, respectively, held that there need not be a direct correlation between injury and pattern, but noted that "some" of the acts must injure plaintiff. *Id.* at 809. Because none of the indictments to which Castagna and Caruso pleaded guilty involved plaintiff, summary judgment may be improper. This analysis would not apply to Cionci, who was convicted of 23 counts of mail fraud, five of which were perpetrated directly against plaintiff.